### SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. BRIDGES.

(Circuit Court of Appeals, Eighth Circuit. November 20, 1908.)

#### No. 2,737.

1. COMPROMISE AND SETTLEMENT (§ 6*)—CONSIDERATION—DISPUTED CLAIMS.

While it is the general rule that, where a liquidated sum is due and there is no consideration for the surrender of a part of it, the payment of a less sum, though accepted in satisfaction, is not binding, a payment of a part will extinguish the whole if there be a consideration good in law; and the adjustment of a bona fide dispute as to the existence of conditions upon which it was agreed that a sum certain should or should not be owing is a sufficient consideration, and a compromise and settlement accordingly will not thereafter be disturbed by an inquiry into the truth of the matter disputed.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. § 38; Dec. Dig. § 6.*]

2. INSURANCE (§ 579*)—ADJUSTMENT OF LOSS—SETTLEMENT BETWEEN PARTIES—VALIDITY—FRAUD.

Where an insured, under a life policy providing that all rights thereunder should be forfeited in case he committed suicide, died as the result of drinking carbolic acid, and in subsequent negotiations with the beneficiary the adjuster for the insurer said no more than that he was of opinion or was convinced from his investigations that the deceased committed suicide and that there was no liability, such statements did not constitute fraud which would invalidate a compromise and settlement of the claim agreed to by the beneficiary under legal advice.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1417–1419; Dec. Dig. § 579.*]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 104 S. W. 672.

N. B. Maxey (A. H. Burnett, on the brief), for plaintiff in error.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. W. F. Bridges was the holder of a beneficiary certificate issued by the Sovereign Camp, Woodmen of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

World, a fraternal order organized under the laws of Nebraska. It contained a provision that all rights thereunder should be forfeited if he died by his own act. His death resulted from drinking carbolic acid. The question of suicide being raised by the adjusting agent of the order, a compromise and settlement were made whereby Mrs. Bridges, the beneficiary, signed a receipt in full and surrendered the certificate upon payment to her of $206. She afterwards sued for the full amount, $2,000, less the payment mentioned, and obtained judgment, which was affirmed by the United States Court of Appeals in the Indian Territory. This writ of error is to review the judgment.

The law is well settled. The general rule is that where a liquidated sum is due, and there is no consideration for the surrender of a part of it, the payment of a less sum, though accepted in satisfaction, is not binding. But efforts to avoid litigation by amicable arrangement of those interested are regarded by the courts with such favor that it is held the rule should be confined to cases strictly within it (Railway v. Clark, 178 U. S. 353, 365, 20 Sup. Ct. 924, 44 L. Ed. 1099), and a payment of a part will extinguish the whole if there be in the transaction an element recognized by the parties as the moving cause and which in the law of contract is regarded as consideration. The adjustment of a bona fide dispute as to the existence of conditions upon which it was agreed that a sum certain should or should not be owing is a sufficient consideration, and a compromise and settlement accordingly made will not thereafter be disturbed by an inquiry into the truth of the matter disputed.

But it is charged by Mrs. Bridges that she was influenced and persuaded by false and fraudulent representations. The evidence, however, wholly fails to sustain the charge. The entire transaction resulting in the agreement of compromise and settlement, and all of the representations made to her by the adjuster, were in the presence of her brother, who was a member of the bar, and who had requested her to come to his office with the certificate and other papers. The adjuster there told her he had made an investigation and was of the opinion, or under the impression, or was convinced, as she variously expressed it, her husband had committed suicide. The provision of the certificate upon that subject was correctly explained to her. There was no misrepresentation of any fact or of the effect of the instrument upon which her rights depended. At the trial of the case there was no evidence that fairly tended to prove there was not a dispute in good faith as to the character of the act that caused her husband's death. Moreover, Mrs. Bridges was in a better position than the adjuster to judge whether the acid was drunk accidentally or with suicidal intent, for she was present when it occurred and knew the attendant circumstances. Her brother, who was a witness at the trial, admitted that at the time of the compromise he himself thought it was a case of suicide though he knew nothing of the actual fact, and said that for that reason he believed the compromise was a good one. It is true that, after much leading by her counsel, Mrs. Bridges was finally brought to the statement that the impression made on her mind by the adjuster was that there was no liability whether the acid was taken

accidentally or not, but at the same time she said those were not his words; and she had previously repeated several times that he had merely expressed his opinion, impression, or conviction that her husband had committed suicide, and said if he committed suicide the order was not liable. Mrs. Bridges was an intelligent woman, and her testimony shows she had a discriminating knowledge of the English language. What the adjuster said to her was plain and clear. It was not calculated to deceive, and could not reasonably have had that effect. There was other conversation, but none that was material or that beclouded the proposition that if the deceased committed suicide there could be no recovery upon the certificate. We think the transaction was wholly free from misrepresentation, duress, or overreaching, and therefore differs radically from that in Commercial Travelers v. McAdam, 61 C. C. A. 22, 125 Fed. 358. The defendant's request for a directed verdict should have been granted.

The judgment is reversed, and the cause remanded for a new trial.