## SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. BRIDGES.*

### No. 2520.  Opinion Filed April 4, 1913.

### Rehearing Denied May 13, 1913.

### (132 Pac. 133.)

1. **APPEAL AND ERROR—Second Appeal—Law of Case.** All questions of law determined in a former appeal become the law of the case, both for the trial court and this court on appeal, in a second hearing, providing the facts presented in the second hearing are substantially the same as presented at the first hearing.

2. **SAME—Review.** Where a beneficiary in an insurance certificate issued by a fraternal society sues to set aside a written settlement of her claim and for judgment on the certificate, on the grounds that such settlement was obtained through the fraudulent misrepresentations of the society's adjuster, and the question is determined in plaintiff's favor by the jury, the verdict will not

---

*Appealed to the United States Supreme Court.

be set aside, where there is substantial evidence showing that the beneficiary was misled and induced to act in making the settlement, under a misconception of her legal rights under the certificate, through the false and fraudulent representations and statements of the adjuster.

(Syllabus by Brewer, C.)

*Error from District Court, Johnston County;*
*A. T. West, Judge.*

Action by Nettie Burris Bridges against the Sovereign Camp of Woodmen of the World. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also 165 Fed. 342, 91 C. C. A. 328.

*N. B. Maxey, J. B. Campbell,* and *Wm. O. Beall,* for plaintiff in error.

*Alexander Gullett* and *W. A. Ledbetter,* for defendant in error.

Opinion by BREWER, C. This action was commenced by Nettie Burris Bridges, the defendant in error, as plaintiff, against the Sovereign Camp of the Woodmen of the World, in the United States Court for the Southern District of Indian Territory, on February 15, 1904, to recover the sum of $2,000, alleged to be due her on a beneficiary certificate issued by the defendant, which is a fraternal beneficiary association.

It was alleged in the complaint that plaintiff's husband, W. F. Bridges, was a member of the association in good standing on the 15th day of May, 1903, when he died by reason of taking an overdose of poison accidentally, that thereafter the defendant paid to the plaintiff $206, and through the fraud and misrepresentation of defendant's agent that plaintiff was induced to execute a release of her rights under the certificate. After setting up the circumstances of the procuring of the release she prayed that same be investigated, and that it be held to be fraudulent and void, and that she recover the full sum named in the certificate, less the amount already received upon the execution of the release. The trial had in the United

States Court resulted in a verdict for the plaintiff as prayed, an appeal was taken therefrom by the defendant to the United States Court of Appeals for the Indian Territory, where the same was affirmed on September 26, 1907, in an opinion by Gill, C. J., which is reported in 7 Ind. T. 433, 104 S. W. 672. From this decision the defendant prosecuted a writ of error to the United States Circuit Court of Appeals for the Eighth Circuit, where the case was reversed and remanded for a new trial, in an opinion by Circuit Judge Hook, filed November 20, 1908, and which is reported in 165 Fed. 342, 91 C. C. A. 328. This last opinion reversing the case, held in brief that the testimony was insufficient to show that the settlement had been procured through misrepresentation or fraud upon the part of the agent negotiating the same.

It is well settled that all questions of law determined in a former appeal become the law of the case, both for the trial court and the Court of Appeals, on a second hearing, provided the facts presented in the second hearing are substantially the same as presented in the first. *Okla. C. Elec. G. & P. Co. v. Baumhoff,* 21 Okla. 503, 96 Pac. 758; *Metropolitan Ry. Co. v. Fonville,* 36 Okla. —, 125 Pac. 1125; *A., T. & S. F. Ry. Co. v. Baker, ante,* 130 Pac. 577.

In the present case there was but one issue contested, the same being the validity of the settlement and release executed by the beneficiary; the only evidence offered by the defendant being the release and a paragraph of the application of the insured upon which the certificate was issued. Therefore, beginning with the premise that the law of the case has been settled in the former opinion, if the facts presented are substantially the same, the limits of our inquiry are reduced to two propositions:

(1)   Are the facts presented here substantially the same as were presented in the Court of Appeals?

(2)   If not, are the facts presented here sufficient to justify setting aside the settlement and release which has been pleaded in bar?

1. On the first point it is only necessary to say that from an inspection and careful reading of the record of both trials the present case presents, on the pivotal point of the release, quite different proof from that passed upon by the United States Court for the Eighth Circuit, and yet not different in a way to suggest falsity of statement. The difference is brought about in a more careful and detailed relation of the facts leading up to, and the circumstances connected with, the settlement. We do not think it necessary to analyze the evidence of the two trials to show the different state of facts presented.

Does the evidence here justify relief against the settlement and release? The application for membership and insurance contained the following clause:

"Do you understand and agree that this order does and will not indemnify against death by the member's own hand? A. Yes."

The plaintiff testified concerning the settlement, in substance: That she met the adjuster in Tishomingo, handed him the policy and what receipts she had been able to find. The adjuster said to her, "From the investigation that I made at Emmet, I found that your husband committed suicide." She replied that it was not suicide, but was an accident. The adjuster replied, "We can't settle for this." Asked why, he replied, "Because it was a case of suicide." The plaintiff insisted that there was no suicide in the case, and told the adjuster in detail of how the injury occurred, which, in brief, was that her husband was not well, and for a day of two had been taking a gargle for his throat, which was in a very bad condition. That this gargle was on the mantle board over the fireplace. That there were a number of other bottles sitting there, including a bottle containing carbolic acid. That the acid bottle and the gargle bottle were the same size and similar in appearance. That late in the evening, about dark and when supper was ready, she and her husband were planning to go to town next day to get their tribal payment, and he got up and went to gargle his throat, and in the partial darkness

Vol. 37—28.

took into his mouth and swallowed some of the carbolic acid, which he tried to spit out, but sufficient remained to cause his death. After receiving the details from her the adjuster then pointed to the paragraph in the policy relative to "death by the. member's own hand," and said, "Read this." She took the paper and read it over. The adjuster then said:

"Now you see if your husband came to his death by suicide, or by his own hand, you can't recover anything; it will be impossible."

The adjuster then told her:

"Now Mrs. Bridges, we don't want this matter to get into court; the Woodmen of the World don't like to be sued; it makes against the order. We are willing to pay you back the amount your husband paid in, and the attorney's fees would be to pay $100. We will add that in; the whole amounting to $206."

She demurred to accepting this. She was then told:

"You can't gain anything by going to court, because we always gain these cases. We have had such cases; we always gain. There is a case up in the Cherokee Nation, a lady in the same predicament. We are fighting that; we always win; we have the money to back us."

Considerable more was said by the adjuster, and finally the plaintiff signed the release and received a draft for the $206. She testified that she had no attorney and had consulted no one, and that she relied upon the statements made to her by the adjuster, and thought she was doing well to get anything. Plaintiff, being asked again what the adjuster said to her after having her read the clause in the policy, replied:

"A. He says: 'You see, if one comes to their death by accident by their own hands, they can gain nothing; the policy is not paid.' "

These statements relative to that clause, if made, and there is no proof to the contrary, are false, are misrepresentations, and an ingenious fraud, when considered in connection with the general statement in the application about non-liability where death is produced by the member's own hand. The adjuster must have known that this clause only referred to

suicides; where the member took his life intentionally. Coming from the adjuster of a fraternal order, of which her husband was a member, it was calculated to deceive the plaintiff into the belief that, the admitted fact being that her husband took the contents of a bottle he held in his hand, this precluded the possibility of a recovery in any sum, no matter how unintentional his action might be. As a natural result of such conduct, she was misled and induced to act under a misconception of her legal rights, of which appellant was fully aware, and she was not. Courts of equity have ample power in such cases as this to afford relief.

This being an old Indian Territory case, the decisions of the United States Court of Appeals for the Eighth Circuit are controlling. This case, on the facts presented here, comes squarely under the decision of that court, in the very similar case of *Commercial Travelers v. McAdams*, 61 C. C. A. 22, 125 Fed. 358. The authorities are collected and discussed in an able opinion by Judge Thayer in that case, and we feel neither able, nor inclined to try, to add to what that very learned judge has said.

The jury found under very fair instructions that the settlement was procured through the fraudulent statements and misrepresentations of defendant's adjuster, and as has been suggested there was sound basis for the finding. Plaintiff was awarded the full amount of the certificate less the amount paid her on account of the settlement, and the judgment on the verdict should be affirmed.

By the Court: It is so ordered.