## NISSEN v. FIRST NAT. BANK OF WATERLOO, IOWA.

(Circuit Court of Appeals, Eighth Circuit. July 7, 1920. Rehearing Denied
Sept. 18, 1920.)

No. 5523.

1. **Pleading** ☞406(9)—**Complaint in action on assigned bill sufficient, where proof showed assignment not alleged.**

   That the complaint in an action on an accepted bill did not allege a written assignment of the bill to plaintiff *held* not material, where the answer did not deny plaintiff's title and the proofs showed the bill properly indorsed.

2. **Bills and notes** ☞94(2)—**Compromise of claim sufficient consideration.**

   A compromise and settlement of matters in dispute, after full and fair negotiation, is binding on the parties, and an acceptance given by one in execution of the settlement is not open to defense.

3. **Evidence** ☞409—**Conversations preceding written settlement inadmissible to impeach it.**

   Where a settlement which was reduced to writing was made by an agent for one party acting under instructions from his principal, evidence of conversations with the agent preceding the settlement *held* inadmissible to impeach it.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action at law by the First National Bank of Waterloo, Iowa, against W. C. Nissen. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank McNulty, of Aberdeen, S. D., for plaintiff in error.

J. T. Sullivan, of Waterloo, Iowa (William G. Porter, of Sioux Falls, S. D., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. For convenience the parties will be referred to as they appeared in the court below; the defendant in error as plaintiff, and the plaintiff in error as defendant. The plaintiff instituted an action against the defendant to recover on a trade acceptance of the defendant the sum of $5,000. This is a copy of the acceptance:

"Waterloo, Iowa, September 20, 1918.   $5,000.00

"Ninety days after date pay to the order of Interstate Tractor Company, Waterloo, Iowa, five thousand dollars. The obligation of the acceptor hereof arises out of the purchase of goods from the drawer.

"To W. C. Nissen, Aberdeen, South Dakota.

"[Signed]   Interstate Tractor Co., by C. McNally, Treas."

On the same day, the bill was accepted by the defendant, by writing across the bill the words:

"Accepted, September 20, 1918, payable at Aberdeen National Bank, Aberdeen, South Dakota.                    [Signed]   W. C. Nissen."

Upon the back of the bill was the indorsement: "Interstate Tractor Company, by C. McNally, Treasurer."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

267 F.—44

The complaint alleges that in due course, for value, before maturity, the Interstate Tractor Company duly transferred and assigned the bill to the plaintiff, who has ever since been the owner and holder thereof; that at maturity it was presented for payment and refused, whereupon it was protested. The answer, in addition to a general denial, pleads no consideration, full payment, and that the bill had been fraudulently obtained from the defendant. Upon a trial to a jury the court directed a verdict for the plaintiff, and this writ of error is prosecuted to reverse the judgment entered on the verdict.

[1] The contention of counsel for the defendant that, as the complaint fails to allege that the bill was assigned to the plaintiff by indorsement in writing, it cannot claim to be a bona fide holder thereof. The bill, which was introduced in evidence, shows that it had been properly indorsed by the payee. It was therefore established beyond question that it had been properly indorsed by the payee, which carried with it the assignment, and required no further proof, especially in view of the fact that the defendant in his answer did not plead that there was no assignment of the bill, except the general denial. This contention is without merit.

Without setting out the evidence, it is sufficient to say that it established beyond question that the plaintiff bank had discounted for value a number of notes executed by the defendant to the Interstate Tractor Company, discounted a bill of exchange drawn by the Tractor Company with bill of lading attached for four carloads of tractors, and was a bona fide holder of them.

[2] In the business transactions of the defendant with the Tractor Company a number of disputes had grown up between them, which the defendant insisted should be adjusted, before he would pay the notes and bills held by the plaintiff, by assignment from the Tractor Company. One of the matters in dispute was that the Tractor Company had shipped to the defendant four carloads of tractors, which defendant had not ordered, and therefore declined to receive. Against this shipment the Tractor Company had drawn a sight draft on the defendant with bills of lading attached, and discounted the same with the plaintiff. There were some negotiations between the defendant and the Tractor Company for the purpose of making a settlement, which caused the plaintiff to send the notes which defendant had executed to the Tractor Company, and which were held by the plaintiff, and also the bills of lading for the four cars of tractors shipped by the Tractor Company, but not accepted by the defendant, to the Aberdeen National Bank, with directions to make a settlement with the defendant in accordance with the instructions contained in the letter of plaintiff, and when the settlement was made and the consideration paid to turn over to the defendant all the notes and bills, including the bills of lading covering the four carloads of tractors.

After a number of conversations by the president of the Aberdeen National Bank with the defendant, propositions and counter propositions submitted to the plaintiff, as shown by letters and telegrams from the Aberdeen Bank to plaintiff, and replies thereto from the plaintiff, all of which were exhibited by Mr. Bassett, the president of the Aber-

deen National Bank, and who acted for it, a final compromise was made in accordance with the instructions of the plaintiff. The defendant paid $7,210.62 in cash and executed three acceptances, of which one is the basis of this action. Thereupon Mr. Bassett delivered to him his notes and bills and the bills of lading for the four cars of tractors.

This evidence establishes beyond question a compromise and settlement between the parties. There was, therefore, an accord and satisfaction, a compromise in settlement of disputed claims between the parties, fully executed. That a settlement of disputed claims between parties, dealing on terms of equality, which have knowledge or opportunity to acquire knowledge of every fact bearing upon the validity of their claims, is binding on the parties in the absence of fraud, mistake or duress is well settled. Hemingway v. Stansell, 106 U. S. 399, 1 Sup. Ct. 473, 27 L. Ed. 245; Hennessy v. Bacon, 137 U. S. 78, 85, 11 Sup. Ct. 17, 34 L. Ed. 605; Chicago, M. & St. P. Ry. v. Clark, 178 U. S. 353, 20 Sup. Ct. 924, 44 L. Ed. 1099; City of San Juan v. St. John's Gas Co., 195 U. S. 510, 522, 25 Sup. Ct. 108, 49 L. Ed. 299, 1 Ann. Cas. 796; Daly v. Busk Tunnell R. Co., 129 Fed. 513, 64 C. C. A. 87; Sims v. Three States Lumber Co., 135 Fed. 1019, 68 C. C. A. 413; Sovereign Camp, Woodmen of the World, v. Bridges, 165 Fed. 342, 91 C. C. A. 328; Kiefer Oil & Gas Co. v. McDougal, 229 Fed. 933, 939, 144 C. C. A. 215, Ann. Cas. 1916D, 343. No evidence was offered that any fraud had been practiced on the defendant, or any mistake made, or that he was induced to make the compromise by duress.

[3] Another contention on the part of the defendant is that the court erred in refusing to permit him to testify as to the conversations with Mr. Bassett, the president of the Aberdeen National Bank, who was acting as the agent of the Tractor Company and the First National Bank in the compromise and settlement, before the settlement was completed, the money paid, and the bills accepted. As the settlement was in writing, evidence preceding it was clearly inadmissible. This court so held in Sioux Falls National Bank v. Klaveness, 264 Fed. 40.

Another ground upon which this evidence was inadmissible is that the agency of the Aberdeen National Bank was limited by the instructions contained in the letters and telegrams from the plaintiff bank to the Aberdeen National Bank, all of which were shown to the defendant before the compromise was concluded and the acceptances executed.

There are other assignments of error, which have received careful consideration, but they are clearly without merit. Upon the record no other verdict could have been rendered than that directed by the court.

The court committed no error, and its judgment is affirmed.