## NISSEN v. FIRST NAT. BANK OF WATERLOO, IOWA.

(Circuit Court of Appeals, Eighth Circuit. April 5, 1921. Rehearing Denied June 20, 1921.)

No. 5641.

**Bills and notes ☞94 (2) —Compromise of claim sufficient consideration.**

A compromise and settlement of matters in dispute, after full and fair negotiation, is binding on the parties, and an acceptance given by one in execution of the settlement is not open to defense.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action at law by the First National Bank of Waterloo, Iowa, against W. C. Nissen. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank McNulty, of Aberdeen, S. D., for plaintiff in error.

John T. Sullivan, of Waterloo, Iowa (William G. Porter, of Sioux Falls, S. D., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge. Nissen, a retail dealer in farm implements and automobiles, of Aberdeen, So. Dak., bought tractors of the Interstate Tractor Company, of Waterloo, Iowa. He gave his notes for a large amount in anticipation of shipments. Later, differences arose between them over the account. He claimed that drafts were being made on him that should not be made, that he was entitled to credits that had not been given to him, that checks which the Tractor Company gave him were not being paid and taken up by it, and that his notes in the hands of the Tractor Company were not being surrendered as they should be; and he refused to go further until a full and complete adjustment of all differences was reached. They met for that purpose and agreed, with the understanding that the settlement should be closed through the two banks with which they dealt, the plaintiff at Waterloo and the Aberdeen National. Thereupon the Tractor Company reported the terms of settlement to the Waterloo bank, which sent all papers for that purpose to the Aberdeen bank, with a letter of instructions embodying the terms of settlement reported to it by the Tractor Company, to be submitted to Nissen. He promptly notified the Waterloo bank that the terms stated in its letter were as agreed on, except as to two items, and these were at once acceded to. The settlement was then closed. Nissen, in addition to doing other things on his part, placed his written acceptance on three time drafts drawn on him by the Tractor Company. These acceptances all became the property of the Waterloo bank, plaintiff below, for value, before maturity. When the first one came due Nissen refused to pay, the bank sued him and recovered judgment on an instructed verdict, which this court affirmed, in Nissen v. Bank, 267 Fed. 689. When the other two came due Nissen again refused to pay, the bank brought this action and again

---

got judgment on an instructed verdict. His defenses in the two actions were substantially the same, and there is no material difference in the evidence; if any, the record in this case is more conclusive against him. The reasons for affirmance in the other case, q. v., require the same conclusion in this one.

Affirmed.