## MICKLESON v. HELM.
## SAME v. TEMPLETON.

No. 11562—Opinion Filed March 27, 1923.

(Syllabus.)

1. **Appeal and Error—Subsequent Appeal—Law of Case.**

The law announced on a former appeal, where there is no material difference in the evidence or pleadings presented, is the law of the case at the subsequent trial thereof and upon a second appeal.

2. **Principal and Agent—Fraud or Deceit of Agent—Right of Action.**

The evidence here shows that H. and T. were residents of Pennsylvania and were interested in some oil and gas leases with M. and that M. had entire management thereof and was relied upon to act for them, and by misrepresentation he induced them to sell their interest and to assign the same to him believing a sale of the entire property was to be made by him to another for a nominal sum but M., without their knowledge or consent, acquires title to himself, and in a short time sells the entire leases for an enhanced sum, many times more than he paid. Held, the same established a cause of action and it was error to sustain a demurrer thereto, Helm v. Mickleson, 66 Okla. 290, 170 Pac. 704.

3. **Same—Judgment—Affirmance.**

Record of the second trial examined, and held, that the evidence is sufficient to support the judgment of the trial court, and that it be affirmed.

Error from District Court, Tulsa County; Conn Linn, Judge.

Actions by Cyrus Helm and J. E. Templeton, against D. D. Mickleson, to recover for money had and received. Judgment for plaintiffs. Defendant brings error. Affirmed.

Former opinion, filed April 25, 1922, withdrawn.

Biddison & Campbell, for plaintiff in error.

Rowland & Talbott and J. P. O'Meara, for defendants in error.

KENNAMER, J. This appeal involves two actions instituted in the district court of Tulsa county; one by Cyrus Helm, plaintiff, against D. D. Mickleson, defendant, to recover $1,542.12 and interest, and one by J. E. Templeton, plaintiff, against D. D. Mickleson, defendant, to recover $1,568.43 and interest. The cases were consolidated and tried together by the court, without a jury, and at the conclusion of the introduction of the testimony by the plaintiffs the trial court sustained a demurrer to the plaintiffs' evidence.

The cases were appealed to this court, and in an opinion filed on November 20, 1917, 66 Okla. 290, 170 Pac. 704, this court reversed the judgment of the trial court, and remanded the causes for new trials.

The cases were again tried on the 13th day of April, 1920, before the court, without a jury, which resulted in a judgment in favor of the plaintiffs, and this appeal is prosecuted to reverse the judgment by the defendant, Mickleson, in the actions.

Counsel for the defendant have assigned five specifications of error for grounds for reversal. The first four assignments of error challenge the sufficiency of the evidence to support the judgment of the trial court. It appears from an examination of the record that the same evidence introduced on the first trial of the case was introduced in the second trial, and this court in the opinion reported in 66 Okla. 290, 170 Pac. 704, supra, held that the evidence was sufficient to support a judgment in favor of the plaintiffs. Therefore, the first four assignments of error are without merit.

The rule has been repeatedly announced by this court that "the law announced on a former appeal, where there is no material difference in the evidence or pleadings presented, is the law of the case at the subsequent trial thereof and upon a second appeal." Chickasha Cotton Oil Co. v. Lamb et al., 58 Okla. 22, 158 Pac. 579; Harper v. Kelley, 2 Okla. 809, 120 Pac. 293; Midland Valley Ry. Co. v. Ezell, 62 Okla. 109, 162 Pac. 228.

This court on the former appeal in these cases, 66 Okla. 290, 170 Pac. 704, held:

"Where one has money of another which he in good conscience and equity has no right to retain, an action will lie to recover the same.

"The evidence here shows that H. and T. were residents of Pennsylvania and were interested in some oil and gas leases with M., and that M. had entire management thereof and was relied upon to act for them, and by misrepresentation he induced them to sell their interest and to assign the same to him believing a sale of the entire property was to be made by him to another for a nominal sum, but M., without their knowledge or consent, acquires title to himself, and in a short time sells the entire leases for an enhanced sum, many times more than he paid. Held, the same established a cause of action, and it was error to sustain a demurrer thereto."

We have carefully examined the evidence, and we are clearly of the opinion that the same is sufficient to support the judgment of the trial court, and that no good reason has been presented for disturbing the conclusion reached in the former opinion of this court.

The only remaining assignment of error complains of the action of the trial court in not allowing the defendant credit for certain expenses he had incurred in drilling a well upon part of the leased premises, which was an unproducing well. It appears from the record that the well was drilled at a time when the defendant claimed that the plaintiffs had no interest in the leases. The defendant fails to show that the plaintiffs were in any way benefited by the drilling of his well, or that the plaintiffs in any way incurred the liability by contract express or implied.

Furthermore, it appears that the defendant at the time he drilled the well was asserting absolute ownership of the leases and denying that the plaintiffs had any interest in the leases, and by his conduct having forced the plaintiffs to institute these actions to recover their interest in the property. In this situation it is our conclusion that there was no error in the action of the trial court denying the defendant the credit on the debt due the plaintiffs.

For the reasons given, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.