**BRITTAIN et al. v. CLARK et al.**

No. 15884—Opinion Filed Oct. 13, 1925.

Rehearing Denied Jan. 12, 1926.

**1. Trusts — Association of Properties for Sale Purposes.**

Where separate properties are associated in order to effect the sale of such separate properties in the aggregate for a given sum of money, the holder of the aggregate property becomes a trustee of the property so conveyed to him.

**2. Same — Fidelity of Trustee — Shares of Owners in Proceeds.**

A fiduciary relation is thereby created between the trustee and the owners of the separate properties, and the owners thereof must share equally in the sale price of the property.

**3. Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by George W. Clark et al. against R. E. Brittain and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Stuart, Sharp & Cruce, for plaintiffs in error.

Ledbetter, Stuart, Bell & Ledbetter and R. A. Kleinschmidt, for defendants in error.

Opinion by STEPHENSON, C. The Concord Oil Company became the owner by assignment of that part of an oil and gas lease which covered the east half of a quarter section; George W. Clark, Cliff Myers, R. A Kleinschmidt, R. R. Bell, Thos. Toney, and I. R. McQueen became the joint owners by assignment of the other part of the lease, which applied to the west half of the quarter section. The Concord Oil Company, through F. B. Owen, advised the parties who owned the lease on the west half of the section that it had a bona fide offer of $1,500 for the sale and assignment of the lease on the quarter section. The Concord Oil Company's letter reads in part as follows:

"Our customer is not interested unless he can buy the 160 acres, and this company is willing to accept the offer in view of the fact, particularly, that this lease expires on the 3rd day of June next."

The letter bears date as of January 9, 1923. Mr. Owen presented the letter in question to the several joint owners of that portion of the lease on the west half of the quarter section. Clark and his associates agreed to join the Concord Oil Company in the sale of the lease for the sum of money offered. Clark and his associates executed an assignment in blank, at the direction of the Concord Oil Company, so that the latter might write in the name of the purchaser. The Concord Oil Company received the offer in question from the Principal Oil Company. When the assignment in blank was delivered to Mr. Brittain, of the Concord Oil Company, the latter delivered check to Mr. Owen for $750 for payment to the several assignors. Not later than one hour after the delivery of the blank assignment to Brittain, a representative of the Phillips Oil Company called Brittain by telephone. The Phillips Oil Company desired to purchase that part of the lease owned by the Concord Oil Company, and made inquiry as to the price desired for its sale. Brittain advised the representative that he would sell for $100 per acre. The reply of the representative is embodied in an answer made by Brittain to a question addressed to him in the trial of this cause, the answer being in the following language:

"He threw up his hands in a way and said that was an awful price. He said the lease did not have but a short time to run and I said if it would be any help we could put it all in and he said he wanted the 160 acres and would pay more for it."

A Mr. Morgan, presumably a representative of the Phillips Oil Company, came to Oklahoma City immediately to close the transaction. The Concord Oil Company was paid $16,000 and the name of Morgan was written in the blank assignment from Clark and his associates as assignee.

Clark and his associates then commenced an action for damages against R. E. Brittain, T. H. Vaughn, and the Concord Oil Company for the recovery of one-half of the sales price to the Phillips Petroleum Company in the sum of $8,000. Brittain and Vaughn were officers of the Concord Oil Company during the time in which these transactions occurred. The trial of the cause resulted in judgment in favor of the plaintiffs for one-half of the sales price, less a commission of 10 per cent. allowed Brittain. The defendants have appealed the cause for review. The errors assigned for reversal are: (1) That the judgment of the court is against the law and the evidence. (2) Error of the court in refusing to make certain special findings of fact and conclusions of law. (3) Error of the court in permitting

the plaintiffs to amend their petition after the introduction of the evidence.

The questions are presented and argued by the appellants as if the Concord Oil Company was the vendee of the plaintiffs. The defendants in error submit the proposition that a fiduciary relation existed between the plaintiffs and the defendants in making the blank assignment and the sale of the lease to the Phillips Oil Company.

The court found in substance:

(1) That the Principal Oil Company had made a bona fide offer of $1,500 for both leases and that the oil company would not purchase either assignment separately.

(2) That the Concord Oil Company and its officers did not have knowledge or information of the desire of the Phillips Oil Company to purchase the lease at the time the assignment was received in blank from the plaintiffs.

There is no dispute between the parties upon the material facts. The Principal Oil Company would not purchase the interest of the parties separately, but required an assignment of the entire lease. The Concord Oil Company did not receive the assignment of the plaintiffs' lease as purchaser, but did receive the assignment for the purpose of associating the separate property of plaintiffs and the Concord Oil Company, in order to effect the sale of the same. The plaintiffs made the assignment for this specific purpose and the defendants consented to carry out the purposes of the assignment by receiving the instrument. The defendants appear to take the position that since the Phillips Oil Company offered a much greater sum for the purchase of the lease than its first customer had offered, the defendants might abandon the purposes for which the assignment was made and write in the name of some other person as vendee, and treat the assignment as a sale from the plaintiffs to the defendants. The answer quoted herein, which was made by Brittain in the trial of this cause, discloses that his ability to offer title to the east and west half of the section was an inducement for the sale of the lease on the 160 acres to the Phillips Oil Company at $100 per acre. The defendants sold the separate properties in the aggregate, as was agreed between the plaintiffs and the defendants in the first instance. The only difference now between the parties is, that the defendants failed and refused to account to the plaintiffs for the proceeds from the sale, according to the respective

interest of the parties in the property. The defendants had the benefit of associating the plaintiffs' property with theirs in order to effect the sale of their own property at a greater sum. It is admitted by the defendants that the assignment of the lease was received for the purpose of associating the two properties together in order to effect the sale of both properties.

The mutual agreement between the parties was that the separate property of the parties would be associated in order to effect the sale of the aggregate, and that the respective parties would share in the proceeds of the sale according to their interest. The defendants are attempting to maintain the position that the assignment was a sale to them, and that they are not liable to the plaintiffs. The only difference between the final disposition of the matter and that agreed upon between the parties, is that the defendants succeeded in getting a greater sum for both parties than had been offered by the Principal Oil Company. It is true that Brittain delivered his check to Owen for the benefit of the assignors at the time the assignment was delivered to Brittain on January 10th, but Brittain neither advised Owen nor the assignors that he was treating the assignment in blank as a sale to the Concord Oil Company, or that it was the purpose and intention of the Concord Oil Company to abandon the purposes for which the lease was assigned to the Concord Oil Company.

Where the owners of separate properties associate the same in order to effect the sale of the aggregate, the holder of the aggregate title takes the same as trustee for the other owners. A fiduciary relation is thereby created between the trustee and the owners of the separate properties. The trustee cannot depart from the purposes for which the property was conveyed to him without the consent of the owners. The equity would require the trustee to dispose of the property in the aggregate to the best advantage for all the owners. The fact that an incomplete contract or partial negotiation for the sale to the Principal Oil Company gave rise to the conveyance to the trustee for sale in the aggregate to the oil company named, would not justify the trustee in making a sale to that oil company unless he was bound to do so by valid contract, if he had the opportunity to sell the property to some other person at a greater sum of money. The trustee is required to use that degree of care for the

protection and sale of the property in trust as he would exercise in relation to the sale of his own property. The effect of the judgment reached in the trial of this cause was to hold the defendants to answer to the plaintiffs according to the purposes for which they received the property from the plaintiffs. The defendants are answerable to the plaintiffs for the sum received for their property, less the payment of $750 and the commission allowed to the defendants for the sale of plaintiffs' interest. If the defendants were unable to effect the sale of the property to the customer they had in mind at the time of writing the letter in question and at the time of receiving the assignment from these plaintiffs, then they should have advised the plaintiffs accordingly. The only difference between the final termination of this matter and that agreed upon, is that the defendants substituted a customer for the one in mind at the time of taking the assignment. This contention does not justify the attempt of the defendants to make a different division of the sales price from that agreed upon between the plaintiffs and the defendants at the time the latter received the assignment. West v. Mandansky. 80 Okla. 161, 194 Pac. 439; Cogdall v. Cottrell, 82 Okla. 125, 198 Pac. 581; Ewing v. Ewing, 33 Okla. 414, 126 Pac. 811; Allen v. Jackson (Ill.) 13 N. E. 840; Mickleson v. Helm, 89 Okla. 90, 214 Pac. 117.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. p. 64. (2) 39 Cyc. p. 294. (3) 4 C. J. p. 1129, § 3122.