**HARRINGTON et al. v. MILLER et al.**

No. 23945.   Opinion Filed May 2, 1933.

Rehearing Denied June 13, 1933.

Pierce, Follens & Rucker, for petitioners.

S. K. Bernstein and Sam Clay, for respondents.

WELCH, J. This is an original proceeding to review an award made July 18, 1932, to Dan Miller, claimant, against his employer, Tonce Harrington, and the insurance carrier, London Guarantee & Accident Company.

This claimant was injured August 5, 1922. He was paid for temporary total disability to January 19, 1923, which payment was approved by the State Industrial Commission on February 9, 1923. On February 21, 1923, claimant filed his motion to review the award, alleging disability to left arm, loss of hearing, skull fracture, and disfigurement to head, and continued pain and noise in the head. On June 4, 1923, a hearing was had by the State Industrial Commission on claimant's motion. Following this hearing a compensation agreement was entered into by the parties, whereby the claimant received an additional lump sum of $467.37 in full settlement of all claims. The agreement recited that it represented 20 per cent. loss of use of arm, and same was approved by an order and award of the State Industrial Commission on June 28, 1923. The agreement upon which the order and award of the State Industrial Commission was based, contained the condition that, in the event of a change in condition, same was not to be final, and might be reopened and reviewed as provided by the applicable provisions of the law then in force.

On December 12, 1923, claimant filed motion to review the former award. This motion was set for hearing and the employer and insurance carrier appeared, but the claimant failed to appear, and on June 3, 1925, the State Industrial Commission made its order dismissing the cause for want of prosecution.

Nothing further transpired in the cause until more than six years later, when the claimant, on July 24, 1931, more than eight years and eleven months after his injury, filed his motion to review an award which he says was made on May 19, 1923. No award was made in May, 1923, but perhaps the claimant, or his attorney, intended to refer to the award of February 9, 1923, for temporary total disability, or the award of June 28, 1923, for permanent partial disability. At any rate, on this motion filed July 24, 1931, the State Industrial Commission conducted a hearing to determine the question of a change of condition, and following hearings and the taking of depositions, the Commission on July 16, 1932, made its order finding that since the award of June 28, 1923, for permanent partial disability, there had been a change for the worse in claimant's condition, and finding that claimant was entitled to 66 2/3 per centum of the difference between his weekly wages at the time of injury, and his weekly wage-earning capacity thereafter, and thereupon the State Industrial Commission awarded claimant such sum weekly for the maximum of 300 weeks from July 24, 1931.

The question before us is the authority of the State Industrial Commission to make such award.

In this action for review the employer and insurance carrier, as petitioners, urge that the award of the State Industrial Commission of June 28, 1923, was an award to the claimant for permanent partial disability under the last paragraph of subdivision 3 of section 7290, C. O. S. 1921, which refers to "other cases" as follows:

"Other Cases: In all other cases in this class of disability the compensation shall be 50 per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability; not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

The claimant and the State Industrial Commission, as respondents, agree that the same may be an award for permanent partial disability as provided by section 7290, supra, but insist that the award was not made under the "other cases" paragraph of said section, urging that same was an award for 20 per cent. disability to an arm, which was a specific loss, and which is a member listed as a specific disability under said section under the subdivision relating to an "arm." We do not agree with respondents in this contention, for the reason that the specific injury mentioned in said section refers only to a total loss of the member specified. This view is supported by Staley-Patrick Drilling Co. v. State Industrial Commission, 88 Okla. 260, 212 P. 1006, and the more recent case of Caswell v. Bird, 160 Okla. 224, 16 P. (2d) 859.

There was no provision in the law at the time for an award for permanent partial loss of a member, and we conclude that the award of June 28, 1923, was, in fact and in law, an award of compensation for "permanent partial disability" under the "other cases" paragraph of the statute.

Having concluded that the claimant, on June 28, 1923, had a partial permanent disability for which the State Industrial Commission made an award under the "other cases" provision of section 7290, C. O. S. 1921, we shall next consider the limitations embodied in the law under the paragraph referred to as "other cases." It will be observed that one of the limiting provisions thereof is that an award may not be made for a period of more than 300 weeks. It will be further observed that it shall be 50 per cent. of the difference between the claimant's wage-earning capacity prior to the injury, and his wage-earning capacity subsequent thereto. The amount of the award may be changed by the State Industrial Commission when a change in the claimant's earning capacity occurs. The payment to claimant of the lump sum of $467.37 under the order of award of June 28, 1923, was a payment to claimant of this percentage of the difference in his earning capacity for each succeeding week following the date of the commencement of the permanent partial disability up to and not exceeding 300 weeks thereafter, unless it be shown that within said period there was a change of condition. In the instant case respondents maintain that claimant's condition did not change in this respect until about December, 1930, which was more than 300 weeks from the

date of the commencement of the permanent partial disability.

The period of 300 weeks, the maximum period during which compensation might have been awarded this claimant for permanent partial disability, commenced with the commencement of the permanent partial disability, after the ending of the total temporary disability. This is so by provision of the statute as construed in Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P. (2d) 78, and in Industrial Track Construction Co. v. Colthrop, 162 Okla. 274, 19 P. (2d) 1084.

The motion filed by claimant on February 21, 1923, was a motion on application for compensation for permanent partial disability, and the award of June 28, 1923, for permanent partial disability must be construed as being all that the claimant was entitled to have, and all for which the employer and the insurance carrier were liable for the full period of 300 weeks from the commencement of the permanent partial disability, unless within such period a change for the worse occurred in the earning capacity of claimant. No such change within such period occurred.

In Industrial Track Construction Co. v. Colthrop, supra, the facts with reference to the three awards were similar to the facts in this case, and in the Colthrop Case, this court said that by the several awards the Industrial Commission had, in effect, "found that claimant was entitled to compensation extending through a period of 545 weeks from the date of the beginning of his permanent partial disability, which is clearly contrary to the terms of the statute." In the instant case, the effect of the various awards is to award compensation for 600 weeks, which is contrary to the statute. The award of June 28, 1923, was fully paid, and that must be construed as fully discharging the liability of the petitioners herein. There was, therefore, no authority for the making of the additional award of July 16, 1932, and that award of the State Industrial Commission is, therefore, vacated.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. RILEY, C. J., absent.