## LONDON GUARANTEE & ACCIDENT CO. et al. v. MILLER et al.

No. 25792.   March 24, 1936.

Rehearing Denied May 19, 1936.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

Claude Briggs, W. P. Morrison, John Morrison, and the Attorney General, for respondents.

PER CURIAM. This is an original proceeding in this court brought by London Guarantee & Accident Company and Tonce Harrington, as petitioners, to obtain the review and vacation of an award of the State Industrial Commission in favor of the respondent Dan Miller.

This is the second time that this cause has been before this court. See Harrington v. Miller, 164 Okla. 122, 22 P. (2d) 1000, wherein we held:

"Where an employee, as contemplated by the terms of the Workmen's Compensation Act of this state, is injured and receives payment for temporary total disability, and thereafter receives payment for permanent partial disability in pursuance of agreement and award of the State Industrial Commission under the 'other cases' provision of section 7290, C. O. S. 1921, as it existed prior to amendment in 1923, such award and pay-

ment will be held to be full and complete satisfaction of all compensation provided by such section of the law, when it has not been shown that there was a change in condition within the period of 300 weeks from the commencement of the permanent partial disability."

In the petition for rehearing respondent sought to have this court set aside the above opinion, urging invalidity of the order of the commission made June 28, 1923, and asserting that it was a nullity for lack of jurisdiction in the commission to make said order and setting up the right of respondent to compensation for other and different injuries, and further urged upon this court that unless said opinion was modified it would become the law of the case and preclude respondent from claiming further compensation. After consideration this petition for rehearing was denied. Thereupon respondent, on August 1, 1933, filed with the State Industrial Commission an application to set aside the aforesaid order of June 28, 1923, and to award compensation for injury and disability resulting from the original injury. Hearings were held on this application, and on June 13, 1934, the commission made and entered the order and award we are now called upon to review, the pertinent portions of said order and award being as follows:

"1. That on August 5, 1922, claimant was in the employ of the respondent, Tonce Harrington, and engaged in a hazardous occupation as defined by the Workmen's Compensation Law of the state of Oklahoma, and that on said date while so employed said claimant received an accidental personal injury; the nature of said injury being fractured skull, injury to right elbow, left arm, left side right leg and numerous other bodily injuries.

"2. That the average weekly wage of claimant at the time of said accidental personal injury was $17.31 per week.

"3. That the London Guarantee & Accident Company, a corporation, at the time of the aforementioned injury, was insurance carrier for the respondent, Tonce Harrington, and became, was, and is liable for compensation due or to become due to claimant.

"4. That as a result of said accidental injury claimant became and has ever since been disabled; that for a period of 24 weeks claimant was temporarily totally disabled, and was entitled to receive and be paid compensation therefor, and on the 9th day of February, 1923, an order was made by the State Industrial Commission approving payment of $207.60, representing 24 weeks' compensation for said temporary total period.

"5. That thereafter, and on June 19, 1923, there was filed with the commission a document purporting to be a 'Form 14 settlement agreement,' and on the said 19th day of June, 1923, there was delivered to claimant by the insurance carrier herein its voucher for the sum of $233.55, which voucher shows to have been paid on the said 19th day of June, 1923, and was delivered to and accepted by the claimant as payment of an additional 26 weeks' compensation, making with previous payments a total of $432.50, representing 50 weeks' compensation for that period, beginning August 5, 1922, up to and including July 22, 1923; and which last payment of compensation was attempted to be approved by an order of the commission made and entered on the 28th day of June, 1923, which pretended order appears in journal 86, page 448, of the commission; that said order so made on June 28, 1923, erroneously recited payment of '$467.37 in addition to $898.13 heretofore paid, making the aggregate sum of $865.50 in the above-entitled cause;' and the commission finds from the undisputed proof that said pretended order of June 28, 1923, was erroneous in that only the sum of $233.55 was then paid, which, with previous payments, aggregated the total sum of $432.50; that no other, further, or additional sums or amounts were or have ever been paid; that no order was ever made by the State Industrial Commission specifically approving the purported form 14 settlement agreement, and that said purported settlement agreement filed on June 19, 1923, was not in accordance with the provisions of the Workmen's Compensation Act in effect at the time the injury was sustained.

"6. That at the time the respondent and insurance carrier paid the claimant the last payment of compensation on June 19, 1923, claimant was suffering from disabilities resulting from said injuries, and that the payment so made on said 19th day of June, 1923, was attempted to be made in settlement for 20 per cent. permanent partial loss of use of the left arm and for no other disability; that claimant was at said time suffering from additional injuries and disabilities other than to the left arm, and on and prior to January 1, 1925, claimant's condition as to permanent disability from injuries other than to the left arm so developed and became permanent to such extent that he thereupon became, was and ever since has been totally and permanently disabled from performing ordinary manual labor, or from pursuing a gainful occupation; said total permanent disability resulting from the fractured skull, injury to right elbow, left side, right leg and other bodily injuries independent of the injury to the left arm; none of which last-named injuries were taken into consideration at the time respondent and insurance carrier paid claimant the aforesaid sum of $233.55 on June 19, 1923:

that claimant's total disability has continued uninterrupted since January 1, 1925, to the present date, and he is and at all times has been and will continue to be totally and permanently disabled as a result of the accidental injuries sustained by him on August 5, 1922.

"7. That claimant's present condition of permanent total disability has resulted from the injury to the head or fractured skull and other injuries independent of the left arm, and said permanent total disability has resulted independent of the injury to the said left arm; that the commission has heretofore made no findings or no award of compensation for disabilities resulting from said injuries.

"8. That by reason of claimant's permanent total disability, as aforesaid, in accordance with the provisions of law in effect at the time the injury was sustained, claimant is entitled to receive and be paid 50 per centum of his average weekly wage being $17.61 per weekly rate of compensation is fixed at $8.65½ a week, or a total aggregate sum of $4,327.50.

"9. That from the total award, in the sum of $4,327.50, there should be and is deducted payments heretofore made in the sum of $432.50 leaving a balance of $3,895; all of which has accrued and is due and owing claimant.

"10. That on July 24, 1931, claimant filed motion to reopen this cause on the ground of change of condition for the worse, and thereafter, on August 1, 1933, claimant filed an application which was styled 'application to set aside order of June 28, 1923, and to award compensation for injuries and disabilities resulting from injury' and subsequently, in open court, on June 8, 1934, claimant was allowed to file amendment to said last-named application, which motion, applications, and amendment presents the issues, and now. * * *"

Petitioner assigns ten specifications of error and presents them under five propositions. We deem it necessary to consider only the second proposition advanced, which involves the effect of our prior opinion in Herrington v. Miller, supra. In the concluding portion of said opinion, we said:

"The award of June 28, 1923, was fully paid and that must be construed as fully discharging the liability of the petitioners herein. There was, therefore, no authority for the making of the additional award of July 16, 1932, and that award of the State Industrial Commission is, therefore, vacated."

As said by Mr. Justice Welch speaking for this court in the case of In re Assessment of Kansas City Southern Ry. Co., 175 Okla. 444, 53 P. (2d) 536:

"The rule is well settled that a decision by this court on a former appeal of the same cause becomes the law of the case and is controlling upon this court on a second appeal. See Metropolitan Ry. Co. v. Fondville 36 Okla. 76, 125 P. 1125; Sovereign Camp Woodmen of the World v. Bridges, 37 Okla. 430, 132 P. 133; Leonard v. Showalter, 41 Okla. 122, 137 P. 346; Chickasha Cotton Oil Co. v. Lamb, 58 Okla. 22, 158 P. 579; Mickleson v. Helm (Mickleson v. Templeton), 89 Okla. 90, 214 P. 117."

In order to make the award now under consideration the State Industrial Commission ignored the plain language of our prior opinion in Harrington v. Miller, supra, and attempted to do indirectly the thing that we said could not be done directly. If this were permissible litigation between the same parties and involving the same question might become interminable. The order and award of June 28, 1923, was directly involved in the former proceeding in this court and was there considered as a valid order and compliance therewith as a complete discharge of liability. This constituted an adjudication of the question which thereafter foreclosed any further inquiry as to the validity or invalidity of said order, and as said by Mr. Justice Phelps, speaking for this court in the case of Amerada Petroleum Corporation v. Elliff, 171 Okla. 38, 41 P. (2d) 850:

"Decision of first appeal is 'law of case' in all subsequent stages and will not be reviewed on second appeal, where facts are practically the same."

Since this court held that compliance with the order of June 28, 1923, discharged the liability of the petitioner to the respondent, the commission was precluded from adjudicating the question again and subsequently was without jurisdiction to set aside said order and to treat it as a nullity. Therefore, the award must be vacated and the cause dismissed.

Award vacated, with directions to dismiss the claim.

McNEILL, C. J., and RILEY, PHELPS, BUSBY, and GIBSON, JJ., concur.