## GLASGOW v. STATE INDUSTRIAL COMMISSION et al.

No. 16691—Opinion Filed Oct. 26, 1926.

1. **Master and Servant—Workmen's Compensation Law—Strict Rules of Pleading and Practice not Applicable to Industrial Commission.**

It is not intended that the strict rules of pleading and practice required in courts of record should be applied to the pleading and practice of the Industrial Commission, but pleading and procedure under the act was intended to be sufficiently flexible and practicable that men of good judgment and reasonable intelligence could apply them to accomplish the purpose intended without regard to technicalities.

2. **Same—"Statement of Conclusion of Fact"—Sufficiency.**

Under section 7294, C. S. 1921, as amended by section 7, chap. 61, S. L. 1923, it is not required that the order granting or denying an award to the claimant shall contain a finding of the facts upon which the order is based; it is necessary only that it shall contain a "statement of its conclusion of the fact" at issue and its rulings of the law applicable.

3. **Same—Order upon Motion to Reopen Case Based on Changed Conditions.**

Where the fact at issue, in a motion to reopen the case, is whether or not there has been a change of conditions such as to entitle the claimant to further compensation, and the Commission makes an order in which it states, "Furthermore, the Commission is of the opinion that this case can only be reviewed upon a change of conditions, which has not been shown by the claimant," this is a substantial compliance with the requirement of the above section as to the conclusion of fact.

4. **Same—Review of Orders—Sufficiency of Evidence to Support.**

Upon a review of an order of the Industrial Commission, granting or denying an award, where the petitioner complains that the order is not supported by the evidence, it is material and competent to show what the order and conclusion of the Commission were, and the evidence or lack of evidence

to support the order, and if there is no evidence tending reasonably to support the conclusion reached by the order of the Commission this court, as in a law case, will reverse the order of the Commission; but if there is any competent evidence tending reasonably to support the order and conclusion reached, the same will be affirmed.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

This is an original proceeding to review an order of the State Industrial Commission overruling motion of petitioner, J. P. Glasgow, to reopen the cause and award further compensation after the case was settled by the parties and approved by the Commission. Affirmed.

Grace Arnold, for petitioner.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State Industrial Commission.

Y. P. Broome, W. P. McGinnis, and F. L. Allen, for respondent.

Opinion by THREADGILL, C. This is a proceeding under section 7297, Compiled Statutes 1921, as amended by section 8 of chapter 61 of Session Laws of 1923, by J. P. Glasgow, as petitioner, to reverse an order of the Industrial Commission made on July 14, 1925, overruling his motion to review and allow further compensation in a case where he had been allowed compensation for personal injury and same terminated March 28, 1923, by settlement and approval of the Commission.

The findings stated in the order complained of are sufficient to state the facts undisputed, as well as the facts disputed, and will serve here as a brief statement of the case. These findings are as follows:

"1. That the claimant in this cause, J. P. Glasgow, was employed by the respondent in a hazardous occupation, within the meaning of the Workmen's Compensation Law, on December 16, 1922, when claimant sustained an accidental personal injury, arising out of and in the course of his employment, when he stepped upon some loose sacks over an opening between some sacks of cement and a wheelbarrow runway and fell injuring his back.

"2. That claimant was treated by Dr. S. W. Reynolds, who sent him home to bed, and the claimant remained at home until February 23, 1923, when he returned to work for the Tidal (Oil) Refining Company, and that claimant went to work because of his own desire, and for three weeks was kept in the tool house checking out tools at his same wage, then he was put on the ditch gang.

"3. That the claimant, on March 19, 1923, signed a final receipt for $218.44. which was approved by the Commission on March 28, 1923.

"4. That any loss of time, wages, or inability of the claimant to continue in his employment subsequent to April 6, 1923, was due to his refusal to accept work in an employment he could perform as tendered by the respondent.

"The Commission is of the opinion: By reason of the aforesaid facts that the respondent has discharged its full duty to the claimant and he is not entitled to further compensation; furthermore, the Commission is of the opinion that this case can only be reviewed upon a change of condition which has not been shown by the claimant.

"It is therefore ordered: That the motion of claimant to review the case be overruled and further compensation not allowed."

The material facts stated in the first three paragraphs may be considered as undisputed. The fact that the claimant lost wages, or was unable to continue in his employment after April 6. 1923, being due to his refusal to accept work he was offered and could perform, is disputed, and the further finding or conclusion that there was no change of his condition from the date of the settlement is disputed.

Petitioner states five assignments of error which, in effect, say that the findings of fact and conclusions of law made by the Commission are not supported by the evidence, and the same are discussed under two propositions as follows:

"(1) That there is no evidence to support any of the findings of the Commission, and that the findings of the Commission are not responsive to or applicable to the issues in the case; and are vague, ambiguous and indirect.

"(2) That the conclusions of law drawn by the Commission have no basis in any finding or findings, or in any evidence introduced in the cause."

The record discloses that the issue raised by the motion of the claimant to reopen the case was, that there had been a change in his condition since March 28, 1923, the date of final settlement, and to use the language of the motion, "has since been entirely disabled by reason of the effects of the injury upon which the award and settlement was based." Section 7296, Compiled Statutes 1921, provides:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions. the Commission may at any time review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any money already paid."

While the issue tendered in the motion does not state any of the particulars of the changed conditions, it is substantially in the language of the statute, and was sufficient to serve the purpose of invoking the jurisdiction of the Commission to reopen the case for the purpose of considering any competent evidence tending to show what claimant's injuries were at the time of settlement and discharge; that they were understood by the parties to be or have become unexpectedly worse since the settlement preventing, in part or in whole, the claimant from engaging in his usual occupation. It was not intended that the strict rules of pleading and practice required in courts of record should be applied to the work of the Commission, but the practice under the act was intended to be sufficiently flexible and practicable that men of good judgment and reasonable intelligence could apply it to accomplish the purpose intended without regard to technicalities.

On the issue raised, the evidence took a wide range and covers many pages of typewritten paper. The Commission took the evidence at different times, and all the movements and activities of the petitioner were gone into. The evidence shows that the claimant continued in the employ of the Tidal Refining Company at $4.05 per day for sometime after his settlement, and the Magnolia Petroleum Company offered him $4.50 per day, and he left the work of the Tidal Refining Company and went to work for the Magnolia Petroleum Company. He testified that he left the Tidal Refining Company because they changed the work from an easy place in the tool house to spade and ditch work, and he could not do the latter, and gave it up to work for the Magnolia Petroleum Company, and in the production department with the repair gang. He also worked at the carpenter's trade for ten days, doing such work as is done in building a house, using carpenter's tools and climbing on the scaffolds and nailing and fitting the timbers and materials in the construction, and gave this work up because the house was finished. He then canvassed from house to house selling small articles, and made $5 a day, but only did two or three days' work out of the week. He said he grew worse all the

time after the settlement until he had to give up manual labor altogether. The evidence was conflicting as to whether or not he left the services of the Tidal Refining Company for employment with the Magnolia Petroleum Company on account of his physical ailment or because of better wages, but there is no conflict in the evidence as to his ability in following the carpenter's trade for ten days continuously and without complaint and giving this up because the work was finished.

Several reliable physicians examined the claimant and testified in the case, and their evidence was in conflict with his as to his physical condition. He said that his back did not get well, and the strain grew worse, and became more and more painful to him, and the physicians testified that he had every appearance of being well, and there was no evidence that the strain he received as the primary injury was not entirely well, and one of the physicians gave it as his opinion that he was feigning and that he was a fraud, and from all of the evidence taken and considered by the Commission they concluded in general that there was no change of conditions such as would entitle the petitioner to renewed compensation. and they denied his motion.

Petitioner contends that the Commission made no findings as to the material or "pivotal facts" which were as follows:

"(a) The physical condition of this petitioner Glasgow, when he executed the final receipt: (b) other conditions, industrial, etc., the reasons and inducements, if any, leading up to the execution of the final receipt; (c) the character and contents of the final receipt; (d) Glasgow's physical condition with reference to his injury from the time he quit the employment with the respondent company up to the date of the last hearing in this cause, and his earning power during that period as affected by the injury."

It is true, the evidence covered all these facts and was conflicting, but we do not think it was necessary for the findings of the Commission to name the particular facts in its order awarding or denying compensation to the claimant. It was only necessary to give its conclusion upon the fact or facts in issue.

Section 7294. C. S. 1921, as amended by section 7 of chapter 61, S. L. 1923, provides in part as follows:

"The Commission shall make, or cause to be made. such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award determining such claim for compensation, and file the same in the office of the Commission, together with the statement of its conclusion of fact and rulings of law."

It will be observed from the motion of the claimant to reopen the case and response of the respondents to the same, that the fact in issue was whether or not there had been a change in the claimant's physical condition such as to entitle him to further compensation. The conclusion on this fact was all that was required by the state, and this was fully expressed by the Commission in its statement as follows:

"Furthermore, the Commission is of the opinion that this case can only be reviewed upon a change of conditions which has not been shown by the claimant."

The Commission thereupon ordered:

"That the motion of claimant to review the case be overruled and further compensation not allowed."

This was a substantial compliance with the above provision without specifying the facts established by the evidence, upon which the conclusion, as to the fact at issue, is based.

Upon review to this court, if the petitioner complains that the order is not supported by the evidence, it is material and competent to show what the conclusion of the Commission was. and the evidence or lack of evidence to support it. If there is no evidence tending reasonably to support the conclusion reached by the order of the Commission, this court, as in a law case, will reverse the order, but if there is any competent evidence reasonably tending to support the order the same will be affirmed.

We have examined the evidence in this case, and we are fully persuaded that the same is amply sufficient to support the conclusion reached by the Commission. and the order overruling the motion is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) C. J. p. 114. §109; anno. L. R. A. 1917D, 181; 28 R. C. L. p. 824: 4 R. C. L. Supp. p. 1868 et seq. (2) C. J. p. 116, §115. (3) C. J. p. 116, §115. (4) C. J. pp. 122, 123, §127.