## WILLIAMS BROS., Inc., et al. v. STATE INDUSTRIAL COM. et al.

No. 22495. Opinion Filed Feb. 2, 1932.

Maxey, Holden & Holleman, for petitioners.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., and R. D. Howe, for respondents.

McNEILL, J. This is an original action to review an order and award of the State Industrial Commission made on May 21, 1931, on the ground of change of condition, in favor of the respondent W. A. Perry, who was employed by petitioner Williams Brothers, Inc., as a laborer on a pipe line, at the time of the receipt of his original injury. On July 26, 1930, said respondent received an accidental personal injury arising out of and in the course of his employment as a result of lifting a five-foot steel gas gate. On October 11, 1930, the parties entered into a stipulation and receipt, and the respondent was paid $150.55 for temporary disability from July 26, 1930, to September 24, 1930. This stipulation and receipt was approved by the Commission on November 5, 1930, and recites that the disability ended September 24, 1930, and the case was ordered closed. On April 3, 1931, the respondent filed a motion to reopen and review the award entered on said stipulation and receipt on the ground of a change of condition. A hearing was had and the Commission, on May 21, 1931, found that there had been a change in condition, and awarded respondent compensation in the sum of $74.38 from April 3, 1931, to May 7, 1931, and further ordered that the payment of compensation should continue thereafter at the same rate of $15.39 per week until otherwise ordered by the Commission, and also that the said petitioner pay such reasonable medical expenses as had been and will be incurred by respondent by reason of said injury. Petitioners contend:

"(1) There was no competent evidence to prove change of condition that would authorize the last award.

"(2) There was no competent evidence introduced to show that the disability complained of arose out of and in connection with the employment of claimant by the respondents.

"(3) The finding of the Commission that claimant had a total disability or is totally disabled to perform manual labor is not supported by any competent evidence."

The stipulation and receipt filed shows that the nature of the original injury was "torn ligaments and bruised left side." The record also shows that this injury was received by respondent while he was putting up a heavy gas gate with a wheel on the top used for the purpose of turning gas on or shutting it off. The gate fell and respondent strained the ligaments in his left side. The respondent testified that since the original award was made, his side and the bone in his leg hurt worse; that his leg had become swollen, that he could not stand to walk any more than about two days at any one time, when his leg would become worse, and that his leg hurt him all the time. His evidence was corroborated in part by that of Dr. F. L. Smith, a physician, who testified, in substance, that at the time of his first examination of respondent, which was shortly after the receipt of his injury, he did not notice any swelling of the leg, but that in his examination of the respondent, in November, 1930, he found that the leg

was swollen and that it was his judgment that respondent was permanently injured.

Dr. I. B. Oldham, one of the witnesses for the insurance carrier, also testified that the respondent was not in any condition to do manual work at the time of the hearing in May, 1931.

If there is any competent evidence to support the finding of the Commission as to change of condition of respondent by reason of the original injury since the former award was made, the same is conclusive on this court. The evidence on this question is conflicting. But there is competent evidence to support the finding of the Commission that there has been a change of condition since the former award growing out of the original injury. The evidence is uncontradicted that the respondent at the time of the receipt of the injury was an able-bodied man, capable of performing manual labor, and that his disability began at the time of the accident. Although he returned to his work on September 25, 1930, it is not disputed that his condition at the time of the last hearing was such that he was unable to do manual labor.

A further discussion of the questions presented in the assignments of error is unnecessary.

The award of the Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

Note.—See under (1) annotation in L. R. A. 1917D, 189; 28 R. C. L. 823, 827, 828; R. C. L. Perm. Supp. pp. 6246, 6254; R C. L. Pocket Part, title Workmen's Compensation, § 116.