**MARLAND et al. v. FORRESTER et al.**

No. 24240.    Oct. 31, 1933.

Rehearing Denied Jan. 9, 1934.

Randolph, Haver, Shirk & Bridges, for petitioners.

Benj. E. Cook, for respondents.

ANDREWS, J. This is an original proceeding in this court to procure an award of the State Industrial Commission, the petitioners being the employer and his insurance carrier.

The record shows that the claimant received an accidental personal injury arising out of and in the course of his employment with his employer, for which he was awarded compensation for permanent total disability, which award was approved by this court. The claimant was paid compensation up to the 18th day of May, 1932, and an additional sum was paid for 100 weeks, which had been ordered commuted. On May 19, 1932, the petitioner herein filed a motion pursuant to the provisions of section 13362, O. S. 1931, to suspend payment of compensation as of May 18, 1932, on the ground that there had been a change in the claimant's condition, and under an allegation that the claimant was in normal health and able to perform his occupation as a common laborer.

The cause came on for hearing before the State Industrial Commission on the 26th day of August, 1932, at which time the Chairman of the Commission announced that payment of compensation up to that date would be required before the Commission would hear the case. That order was without authority of law and in conflict with the plain and unambiguous provisions of the statute. The State Industrial Commission was without any authority of law to decline to hear the claim pursuant to the statute, supra.

The order was complied with and the hearing was had. At the hearing the petitioners offered the testimony of a medical expert. The effect of that testimony was to show that the claimant was no longer totally disabled. The only other evidence offered at the hearing was that of the claimant and another nonexpert witness. The claimant testified that when he attempted to work he had various pains. The nonexpert witness testified that his observation of the claimant convinced him that he was not able to work.

The claimant herein contends that it was not necessary for him to submit the testimony of expert witnesses and that to require him to do so would require him to prove his disability every time an application is filed pursuant to the statute. Such is the provision of the statute. The statute authorizes a proceeding to determine whether or not there has been a change in the condition of the claimant. Under the provisions of that statute an employer is required to defend an application filed by an employee. The statute likewise operates to require the employee to defend an application filed by the employer.

The award of the State Industrial Commission by which it found that there had been no change in the claimant's condition is not supported by competent evidence. Channing v. Payton, 152 Okla. 153, 4 P. (2d) 1; Boggs v. United States Fidelity & Guaranty Co., 139 Okla. 155, 281 P. 226.

The award of the State Industrial Commission denying the application to suspend payment of compensation is vacated. The cause is remanded to the State Industrial Commission, with directions to grant a

rehearing and to determine from competent evidence whether or not the condition of the claimant has changed, under the rule herein stated.

RILEY, C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. CULLISON, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., absent.