**THOMAS CONLIN CO. v. GUCKIAN et al.**

No. 25956. Oct. 8, 1935.

Rehearing Denied Nov. 5, 1935.

Thurman, Bowman & Thurman, for petitioner.

Carmon C. Harris and the Attorney General, for respondents.

PER CURIAM. This is an original proceeding in this court to review an order of the State Industrial Commission. The employer is the petitioner. This case has been here on two other occasions (163 Okla. 193, 21 P. (2d) 740, where the award was vacated and remanded with directions, and 168 Okla. 419, 33 P. (2d) 485, where the award was affirmed). On June 19, 1934, the Commission entered an order reciting the previous award and the mandate of this court showing affirmance thereof, and commanding petitioner to pay compensation from July 2, 1932, to June 19, 1934, and to continue weekly payments until further ordered. On July 10, 1934, petitioner filed motion to vacate said order in so far as the required payment of compensation for the period while the case was pending on appeal and for review of the previous award on the ground that there had been a

change in the condition of the claimant subsequent to the entry of said award. On July 10, 1934, the Commission vacated its order of June 19, 1934, and ordered the matter set for hearing on the motion of petitioner to determine whether there had been a change in condition of the claimant subsequent to October 19 1933, as alleged by petitioner. Various hearings were held by the Commission on the issue thus submitted and numerous witnesses were called by both petitioner and claimant in support and in opposition to the contention and claim of the petitioner, and on September 24, 1934, the Commission, sitting en banc, entered the following order:

"Now, on this 24th day of September, 1934, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearing had before Commissioner Mat McElroy at Oklahoma City on July 26, 1934, on motion of respondent herein, filed with the Commission under date of July 10, 1934, to vacate the order of the Commission heretofore issued in this cause on the 10th day of June, 1934, and set cause down for hearing to determine the question of whether claimant has sustained a change in condition herein since Oct. 19, 1933, at which said hearing claimant appeared in person and by his attorney, C. C. Harris; respondent being represented by the law firm of Thurman, Bowman & Thurman; and subsequent hearing had before Commissioner McElroy at Oklahoma City on September 7, 1934, to take further testimony; and subsequent hearing had before Commissioner McElroy at Oklahoma City on September 11, 1934, to take further testimony, and subsequent and final hearing had before the Commission en banc at Oklahoma City on September 22, 1934. at which said hearings the appearances noted for claimant and respondent herein were the same as those noted at the hearing had on July 26, 1934.

"Having reviewed the testimony taken at said hearings, examined all records on file in said cause, and being otherwise well and sufficiently advised in the premises, the Commission is of the opinion that the motion of respondent herein filed in this cause on July 10, 1934, should be overruled, and the order of this Commission heretofore issued herein upon mandate of the Supreme Court of the state of Oklahoma, should be reinstated and compensation resumed as of the date of discontinuance and continued as directed in said order of June 19, 1934.

"It is therefore ordered: That motion of respondent herein filed in this cause on July 10, 1934, be and the same is hereby overruled and that compensation be resumed herein as of the date of discontinuance and continued as directed in the order of the Commission dated June 19, 1934, said order having been issued in accordance with the mandate of the Supreme Court of Oklahoma.

"It is further ordered: That within 30 days from this date respondent herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

Petitioner states seven assignments of error, which in effect say that the Commission failed to state its conclusions of fact as required by section 13362, O. S., 1931, and that the implied findings of the Commission are without competent evidence to support them, and that the trial Commissioner was guilty of misconduct in the hearing held before him. The only authority cited in the brief of petitioner is sections 13360 and 13362, O. S. 1931, and it is urged thereunder that it was the mandatory duty of the Commission to make conclusions of fact as provided in the above sections, and more particularly section 13362, in the order entered September 24, 1934. In view of the previous holdings of this court, particularly in Southern Fuel Co. v. State Industrial Commission, 141 Okla. 127, 284 P. 35, and Glasgow v. State Industrial Commission, 120 Okla. 37, 250 P. 138, we are of the opinion that this contention upon the part of the petitioner is without merit, since the order of September 24, 1934, overruled the motion of petitioner and reinstated the previous order of June 19, 1934, which had been entered upon the mandate of this court affirming the order and award of September 20, 1934, and as stated in Southern Fuel Co. v. State Industrial Commission, supra; where a like situation arose, these several orders should be considered as a connected whole. and when this is done the requirements of section 13362, O. S. 1931, are sufficiently met. This conclusion is in accord with the holding of this court in Glasgow v. State Industrial Commission, supra, wherein in the first and second paragraphs of the syllabus it is said:

"It is not intended that the strict rules of pleading and practice required in courts of record should be applied to the pleading and practice of the Industrial Commission, but pleading and procedure under the act was intended to be sufficiently flexible and practicable that men of good judgment and reasonable intelligence could apply them to accomplish the purpose intended without regard to technicalities.

"Under section 7294, C. O. S. 1921, as amended by section 7, chap. 61, S. L. 1923, it is not required that the order granting or denying an award to the claimant shall contain a finding of the facts upon which the order is based; it is necessary only that it

shall contain a 'statement of its conclusion of the fact' at issue and its rulings of the law applicable."

The motion of petitioner for a hearing on change in condition of claimant was properly entertained by the Commission under the holding of this court in Glasgow v. State Industrial Commission, supra, and Marland et al. v. Forrester et al., 167 Okla. 140, 28 P. (2d) 542. But as this court said in Marland v. Forrester, supra:

"Where an award of compensation has been made, and the employer thereafter seeks to discontinue payment thereof on the ground that disability on account of the injury has ceased, the presumption is that such disability continues, and the burden is upon the employer or insurance carrier to prove the contrary. Upon the introduction of competent testimony tending to rebut that presumption, a question of fact is presented which must be determined from the competent evidence, the burden of proof remaining on the moving party.".

And as we further said in Williams Bros., Inc., et al. v. State Industrial Commission et al., 155 Okla. 19, 8 P. (2d) 25:

"Upon a hearing of a motion on the ground of change of condition, if there is any competent evidence to support the finding of the Commission that the respondent is entitled to an award on the ground of change of condition growing out of the original injury received by respondent arising out of and in the course of his employment, the same is conclusive on this court."

In the hearing before the Commission on the motion, the petitioner assumed the burden made upon it and undertook to prove the allegations of its motion, but the testimony offered, both lay and medical, by the respective parties, is conflicting and contradictory except as to the evidence showing that the claimant had done plumbing work for the C. W. A. for a period of some 42 days between December 14, 1933, and March 31, 1934, and had received regular wages therefor. But in connection with this evidence there is some dispute as to whether the work so performed was light work and of a more or less supervisory nature, or whether the claimant performed the ordinary duties of a plumber in said employment. This presented a question of fact to be determined by the Commission from the competent evidence before it. And since the Commission in its order of September 20, 1933, among other things, made the following conclusions, to wit:

"The Commission further finds: That during the period of claimant's temporary total disability resulting from the aforesaid accidental injury claimant performed light labor and drew wages therefor"

—whether the evidence offered and the proof submitted was sufficient to show a change in condition of claimant as alleged by the petitioner is not our province to determine, as this was a question purely for the Commission, and there was sufficient competent evidence before it to support the order which it entered and implied findings embraced therein. It was not a question of whether claimant could perform or had performed labor in the plumbing trade, or any other that was to be determined by the Commission at the hearing, but whether the petitioner had established by competent evidence the fact that the disability arising out of the accidental injury for which the award had been made had ceased was determinative. And in effect the Commission by its order found against the contention of the petitioner and found that the same condition prevailed as set forth in the order of September 20, 1933, and that there had been no change in the condition of the claimant subsequent thereto. And as we have said in G. A. Nichols, Inc., v. Collier et al., 163 Okla. 193, 22 P. (2d) 389:

"Findings of fact made by the State Industrial Commission are conclusive upon the Supreme Court provided there is competent evidence reasonably tending to support the same."

And this being the situation here, we are bound thereby.

We have carefully examined the record with reference to the charge of misconduct on the part of the trial Commissioner, and it suffices to say we find that this charge is wholly unwarranted. On the contrary, it appears the Commission and its trial Commissioner afforded the petitioner every opportunity to present its evidence.

We are of the opinion that there is ample competent evidence shown by the record to support the finding and order of the Commission, and therefore said order is affirmed.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.