## In re ASSESSMENT OF KANSAS CITY SOUTHERN RY. CO.

No. 26114. Jan. 7, 1936.

Frank H. Moore, James B. McDonough, R. M. Rainey, Frank G. Anderson, and A. F. Smith, for appellant.

Mac Q. Williamson, Atty. Gen., Randell S. Cobb, Asst. Atty. Gen., C. D. Cund, C. W. King, and A. L. Herr for the Oklahoma Tax Commission.

WELCH, J. This is the second appeal to this court from the action of the State Board of Equalization in fixing the 1933 valuation of the property of the Kansas City Southern Railway Company for ad valorem taxation.

The 1933 valuation was in September of that year fixed by the board at $3,644,522; from that action the company appealed to this court, where the matter was determined in May of the following year. That valuation could not be approved in full, and it was necessary that it be reversed in part on account of the fact that the board, in determining the average operating income, erroneously took into account the income for the peak years, 1928 and 1929, which was more than five times the operating income for 1932 and 1933; and for the further reason that the board, in determining the average stocks and bonds values, erroneously took into account those values as of February 1929 and 1930, when the peak value was more than twice such values in 1932 and 1933. Those matters are thoroughly set out in detail in the opinion of this court on the former appeal, and we need not further dwell upon them here. See In re Assessment of Kansas City Southern Railway Co., 168 Okla. 495, 33 P. (2d) 772.

That assessment was affirmed in part, and reversed in part and the cause remanded, with directions to the board to exclude the above-mentioned factors in determining the fair valuation of the property of the company. The elimination of those factors would necessarily result in a corresponding reduction in the valuation under the evidence considered by the board in fixing the valuation at $3,644,522.

Upon further considering the matter in 1935, the board fixed the 1933 valuation at the same figure of $3,644,522, and from that action this appeal is prosecuted.

The company on this appeal points out that no additional evidence was considered by the board after the cause was here reversed and remanded on the first appeal, and that the elimination of the illegal factors considered by the board in its action in 1933 would have resulted in the valuation of $3,046,355 after applying the corresponding reduction resulting from the elimination of those factors determined to be illegal and improper upon the former appeal.

As sustaining the second action of the board it is contended that the board found that the evidence considered by the board in 1933, even eliminating or not considering the illegal factors, was still sufficient to sustain the valuation as originally fixed by the board at $3,644,522.

That contention now made in behalf of the board was made on the former appeal, and was again presented in application for rehearing in the former appeal, and was considered by this court, but was denied. It seems clear that when the cause was remanded to the board upon the former appeal the board should then have applied the reduction resulting from the elimination of the illegal factors formerly considered, and should have fixed the valuation at the correspondingly reduced figure of $3,046,355, unless other evidence was desired to be presented and heard to establish a fair valuation otherwise than by consideration of the evidence theretofore considered in 1933.

The board heard no further evidence, and no further or other evidence was offered, and we are therefore justified in assuming that there was no other evidence upon which to base the valuation than the evidence considered by the board when it acted in 1933. A calculation from that evidence, eliminating the illegal factors, would result in the valuation of $3,046,355, and in its final action in 1935, the board erred in adhering to its former valuation upon the former evidence and in failing to apply the reduction corresponding to the elimination of the illegal factors of valuation theretofore employed and considered.

This erroneous valuation fixed by the board in 1935 cannot be permitted to stand, in view of the foregoing facts, and in view of the language and conclusion of the opinion of this court upon former appeal.

The rule is well settled that a decision by this court on a former appeal of the same cause becomes the law of the case and is controlling upon this court on a second appeal. See Metropolitan Ry. Co. v. Fonville, 36 Okla. 76, 125 P. 1125; Sovereign Camp of Woodmen of the World v. Bridges, 37 Okla. 430, 132 P. 133; Leonard v. Showalter, 41 Okla. 122, 137 P. 346; Chickasha Cotton Oil Co. v. Lamb et al., 58 Okla. 22, 158 P. 579; Mickleson v. Helm, Same v. Templeton, 89 Okla. 90, 214 P. 117.

The reasoning supporting that rule is fully applicable to this second appeal from the same board which presents the same action based upon the same evidence and record.

For the reasons stated, the action of the board in 1935 in fixing the 1933 valuation of the property of the company at $3,644,522 is reversed, and the cause is remanded, with directions to the board to fix such valuation at $3,046,355.

McNEILL, C. J., OSBORN, V. C. J., and

446

BUSBY, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, and PHELPS, JJ., absent.