## DAVON OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 27008.   Oct. 13, 1936.

Edward M. Box and Dan Welch, for petitioner.

Paul F. Showalter and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Davon Oil Company (formerly Harrell-Davis Oil Company) a corporation, as petitioner, to procure the review of an order of the State Industrial Commission which denied its application to discontinue payment of compensation which had been previously awarded to respondent W. C. Chandler. The parties will be referred to in this opinion as petitioner and respondent.

This is the second time that this cause has been before us. In the former proceeding we found that the evidence was amply sufficient to sustain the award made in favor of the respondent and affirmed the action of the commission. See Harrell-Davis Oil Co. v. State Industrial Commission, 175 Okla. 210, 51. P. (2d) 945.

The petitioner after the matter was remanded to the State Industrial Commission filed an application to discontinue payment of compensation and to have the commission determine the extent of respondent's disability. The commission conducted a hearing upon this application, and on February 14, 1936, entered the order which we are now called upon to review. In this order the commission finds that the temporary total disability of the respondent, which had been previously determined to exist, had not terminated, and that therefore the petitioner's application to discontinue payment of compensation should be denied. The commission thereupon ordered petitioner to continue payment of compensation as provided under the previous award and to furnish respondent with necessary medical attention.

The petitioner requests us to vacate this. last order of the commission upon two grounds, the first of which is that the Workmen's Compensation Law is unconstitutional in that it deprives the petitioner of its property in violation of the provisions of the Constitution of Oklahoma and the Fourteenth Amendment to the Constitution of the United States. Petitioner admits that we have heretofore held to the contrary in the recent case of McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. (2d) 32, but urges that this opinion was predicated to a large extent upon the construction placed upon the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, chap. 509, U. S. C., title 33, sections 901-950) ; by the Supreme Court of the United States in the case of Crowell v. Benson, 285 U. S. 22, 52 S. C. 285, 76 L. Ed. 598, and

states that we said that the provisions of the Longshoremen's Act were identical with the provisions of the Workmen's Compensation Law, and that therein we overlooked a vital distinction between the two acts, since the federal act has no provision which makes the finding of the deputy commissioner final, whereas our Workmen's Compensation Law (section 13360, O. S. 1931) expressly makes the finding of the State Industrial Commission final. A mere reading of our opinion in McKeever Drilling Co. v. Egbert, supra, will disclose the fact that we did not say that the acts in question were identical. What we did say was:

"The case of Crowell v. Benson, supra, involved an analogous question, which arose under the Longshoremen's and Harbor Workers' Compensation Act."

And further on in the opinion:

"What we are saying here is in support of the complete analogy and authority of the case of Crowell v. Benson, supra, to this case."

There is a marked distinction between an analogous and an identical situation or state of facts. In McKeever Drilling Co. v. Egbert, supra, the effect and extent of the authority conferred upon the State Industrial Commission by section 13360, O. S. 1931, is explained in the second and fourth paragraphs of the syllabus which read as follows:

"The decision of the Industrial Commission is final as to all questions of fact relating to administering relief under the act, and where there is any competent evidence reasonably tending to support the same the award of the Industrial Commission will not be disturbed on review by this court."

"This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact with relation thereto."

See, also, Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. (2d) 777.

As thus construed the provisions of section 13360, supra, do not violate either section 7 of art. 2 of the Constitution of Oklahoma or of section 1 of the Fourteenth Amendment to the Constitution of the United States.

Petitioner urges, however, that in other cases we have held the decision of the commission is final on questions of fact which involve the jurisdiction of the commission, hence, that the effect of the decisions of this court has been to hold that all questions of fact were within the jurisdiction of the State Industrial Commission and their decisions binding upon this court if reasonably supported by any competent evidence. We do not so interpret the previous opinions of this court but should there be any which are justly subject to this criticism then the same are repudiated and overruled by our holding in McKeever Drilling Co. v. Egbert, supra. The contention of petitioner as to the unconstitutionality of the act must be denied.

Petitioner next contends that the order is not sustained by sufficient evidence, is against the clear weight of the evidence, and is without the support of any competent evidence. In presenting this contention the petitioner overlooks or ignores the fact that this proceeding is not for the purpose of reviewing an award made by the State Industrial Commission, but merely an order denying the application to discontinue payment under previous orders. The petitioner overlooks and disregards the opinion of this court which affirmed the prior award. In passing upon the original award in the case of Harrell-Davis Oil Co. v. State Industrial Com., supra, we said:

"Suffice it to say that the evidence was amply sufficient to sustain the finding that the employee suffered temporary total disability attributable to the inhaling of the gas in making the connection on the pipe line."

The matters thus presented and determined were thereafter res adjudicata. Oklahoma Portland Cement Co. v. State Industrial Com., 168 Okla. 330, 32 P. (2d) 889. And as we have said in the case of In re Assessment of K. C. Southern Ry. Co., 175 Okla. 444, 53 P. (2d) 536:

"The rule is well settled that a decision by this court on a former appeal of the same cause becomes the law of the case and is controlling upon this court on a second appeal."

On the application to discontinue payment of compensation, the burden was upon the petitioner to establish by competent evidence a state of facts which would justify such action by the commission. Marland v. Forrester, 167 Okla. 140, 28 P. (2d) 542. At the hearing conducted by the commission and which resulted in the order now under review, only two issues were properly presented for determination. These were, first, whether the previously adjudged temporary total disability of the respondent had terminated; and second, if so, had any permanent

disability ensued? All evidence foreign to the issues thus presented was incompetent, irrelevant, and immaterial. Nevertheless, the petitioner sought by its evidence to establish the impossibility of any injury, thus attempting to reopen and try the matter de novo upon questions which had been previously determined contrary to the petitioner's contention both by the commission and by this court. These matters were not open to further inquiry. The competent medical evidence before the commission with reference to whether the temporary total disability of the respondent had terminated was in conflict. The commission chose to give greater credence to the testimony of the witnesses appearing for the respondent. This they were privileged to do. Hubbard Drilling Co. v. Moore, 158 Okla. 130, 12 P. (2d) 897; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. (2d) 847.

The commission by its order found that the petitioner had failed to sustain the burden resting upon it. We think that the commission was correct in so holding, and that the order made finds ample support in the competent evidence adduced before the commission. This being true it is our duty to sustain such order. Order sustained.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.