REAMS et al. v. MALCOLM et al.

No. 30463.   Feb. 10, 1942.

*122 P. 2d 145.*

Gibson & Savage, of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding in this court brought by S. S. Reams and his insurance carrier, hereinafter referred to as petitioners, to obtain a review of an order of the State Industrial Commission which denied a motion to discontinue further payments of compensation under an award which had been previously made in favor of J. L. Malcolm, hereinafter referred to as respondent.

On August 26, 1940, the State Industrial Commission made an award in favor of respondent J. L. Malcolm for a permanent partial disability under the "other cases" provision of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, and therein directed payment of compensation at the rate of $16.10 per week for a period not to exceed 300 weeks from June 20, 1940, subject to reconsideration of the degree of impairment by the commission either on its own motion or upon application of any party in interest. The petitioners complied with said award until June 6, 1941, when they filed a motion seeking to discontinue further payments of compensation on the ground that the condition of the respondent had changed for the better. Hearing was had on said motion on June 19, 1941, at which time petitioners called Dr. C. R. Rountree as a witness. This witness testified that he had recently made an examination of the respondent and that such examination disclosed a slight improvement in respondent's condition and a lack of any pathology connected with the accident for which the award had been made. Witness on cross-examination further testified that the respondent appeared to have a slight improvement in that his response to tests was not as severe as it had been previously. The witness, however, testified that he did not mean

that the condition of respondent insofar as his ability to perform labor was concerned showed any material improvement, but rather that respondent did not seem to suffer as much or to have as much bodily pain. The trial commissioner took the matter under advisement, and on June 20, 1941, entered the following order:

"Now, on this 20th day of June, 1941, the State Industrial Commission being regularly in session, this cause comes on for consideration, pursuant to assignment regularly made and hearing had before Chairman Wm. L. Fogg, at Oklahoma City, Oklahoma, on June 19th, 1941, on respondent's motion to discontinue compensation by reason of change of condition for the better, at which hearing claimant appeared in person and by his attorney, Claud Briggs; the respondent and insurance carrier appeared by Gibson and Savage, by J. I. Gibson, attorney; and the trial commissioner having considered the evidence, all the records on file, and being well and fully advised in the premises, is of the opinion that respondent's motion should be overruled and that respondent and/or insurance carrier should resume the payment of compensation at the rate of $16.10 per week in accordance with the order made and entered in this cause on the 26th day of August, 1940.

"It is therefore ordered by the trial commissioner, that respondent's motion be and is hereby overruled and that respondent and/or insurance carrier resume the payment of compensation as of the date of discontinuation and continue to pay claimant compensation at the rate of $16.10 per week in accordance with the order made and entered in this cause on the 26th day of August, 1940."

The petitioners quote from some of the testimony of Dr. Rountree and argue therefrom that, since in the opinion of said doctor there had been some slight improvement in respondent's condition, therefore this was sufficient to compel the trial commissioner to sustain the motion to discontinue further payments of compensation. No authorities are cited in support of the contention so made, and we know of none. On the contrary, as said in Singer Pipe & Supply Co. v. Houston, 163 Okla. 111, 21 P. 2d 33:

"When a motion to discontinue compensation is filed in a case pending before the State Industrial Commission of this state, the burden of proving the allegations contained in the motion rests upon the movant."

The evidence of the petitioners was wholly insufficient to establish the allegations of their motion or to entitle them to any relief. No error of law is presented.

Order sustained.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and ARNOLD, J., absent.