MALCOLM v. STATE INDUSTRIAL COMMISSION et al.

No. 31312.   Dec. 14, 1943.

*143 P. 2d 823.*

Leon J. York, of Stillwater, for petitioner.

Cheek, Gibson, Savage & Benefield, of. Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by George A. Malcolm, hereinafter referred to as petitioner, to obtain a review of an award which was made by trial commissioner and affirmed by the State Industrial Commission and which denied petitioner an award of compensation other than temporary total disability against T. H. McGuire and his insurance carrier, hereinafter referred to as respondents.

The record discloses that petitioner sustained an accidental personal injury on October 7, 1941, when he strained his back; that respondents voluntarily furnished medical attention and paid compensation to July 28, 1942, for temporary total disability which resulted from the accidental injury; that on or about the last above-mentioned date respondents filed with the State Industrial Commission motion to discontinue payments of further compensation upon the alleged ground that petitioner had fully recovered from temporary disability which he had sustained as a result of his injury and had no permanent disability as a result thereof. The petitioner contested the motion of respondents, alleging that his injury had resulted in a permanent total disability, and sought an award therefor. Hearings were conducted by a trial commissioner of the State Industrial Commission to determine liability and extent of disability, and at said hearings the evidence adduced disclosed, substantially, that petitioner had sustained a number of accidental compensable injuries in his lifetime, one of which came to this court for review (see Phillips Pet. Co. v. Malcolm, 175 Okla. 512, 53 P. 2d 1113), and that petitioner had considerable disability, either real or imaginary, as the result of some physical or mental cause. The evidence adduced at the hearings, and which consisted of testimony of skilled and professional persons who had examined petitioner to determine the nature and cause of his disability, was in conflict. That of petitioner tended to establish his claim to a permanent disability as the result of the injury; whereas, that of respondents tended to establish the fact that the sole disability which petitioner sustained as a result of his accidental injury of October 7, 1941, was slight and merely temporary, and that he had no permanent disability as a result thereof, and that all permanent disability which petitioner may have had been sustained as a result of some other cause than the accident involved. Under the evidence, substantially as above narrated, the trial commissioner made the following findings of fact:

"1. That on the 7th day of October, 1941, the claimant was in the employ of the respondent herein, engaged in a hazardous occupation within the terms and meaning of the Workmen's Compensation Act of the State of Oklahoma, and on said date sustained an accidental personal injury arising out of and in the course of his employment, towit: Injury to back with sacro-iliac strain.

"2. That at the time of said accidental personal injury claimant's average daily wage was $6.00 and his rate of compensation is therefore $18.00 per week.

"3. That by reason of said accidental personal injury claimant was temporarily totally disabled from October 7th, 1941, less two days he worked, to November 1st, 1941, at which time claimant returned to work and worked until March 20th, 1942, on which date he again became temporarily totally disabled and was temporarily disabled to July 28th, 1942, on which date his temporary total disability ceased.

"4. That claimant has no permanent disability as a result of his accidental personal injury of October 7th, 1941.

"5. That such disability as the claimant now has, if any, is a result of a previous condition and previous injuries and not a result of or aggravated by the accidental injury of October 7th, 1941."

The award by the trial commissioner based upon the foregoing findings of fact was for a temporary total disability. The petitioner appealed to the State Industrial Commission sitting en banc, and the commission found that the award so made was a just and proper one and affirmed and adopted it as the award of the commission. This is the award which we are now called upon to review.

As grounds of error and illegality in the award, the petitioner contends that the findings of fact are against the weight of evidence and are insufficient to sustain the award. In support of the contention so made, our attention is directed to Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P. 2d 579; Conlin Co. v. Guckian, 174 Okla. 463, 50 P. 2d 299. An examination of the cited cases will reveal that while authority for the rule that the burden is upon the movant in a proceeding to discontinue payment of compensation for disability which has been determined to exist, they are otherwise without application to the facts involved in the award under review. In the case at bar there has been no previous determination that petitioner had any disability as the result of accidental injury. The respondent had furnished medical attention and had paid compensation for a disability, and when they requested permission of the State Industrial Commission to discontinue any further payments the petitioner contested the motion and invoked the jurisdiction of the commission to make a determination of the extent of his disability as a result of the accidental injury. Thereupon, the commission could properly inquire into the entire range of disability and make such order or award as the competent evidence submitted required. Sparkman v. Cosden Pipe Line Co., 182 Okla. 184, 77 P. 2d 21. The disability involved being one which required a determination of its nature and extent to be made by skilled and professional persons, proof thereof had to be made by the testimony of such persons. Armour & Co. v. Worden, 189 Okla. 106, 114 P. 2d 173; Taton v. Dunlap, 184 Okla. 319, 87 P. 2d 321. The testimony of competent witnesses being in conflict, the commission was arbiter of facts, and in the exercise of its jurisdiction to administer relief under the Workmen's Compensation Act was at liberty to choose which witnesses it would believe and the weight it would give to their testimony. Oklahoma Ry. Co. v. Voss, 187 Okla. 622, 105 P. 2d 218; Reams v. Malcolm, 190 Okla. 213, 122 P. 2d 145; Banning v. Peru-Laclede Syndicate, 179 Okla. 382, 65 P. 2d 976.

The award under review was made by the State Industrial Commission in the exercise of its jurisdiction to administer relief under the Workmen's Compensation Act, supra, and the findings of fact in connection therewith are based upon competent evidence shown in the record. Under these circumstances the applicable rule is that announced in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32, wherein we said:

"The decision of the Industrial Commission is final as to all questions of fact relating to administering relief under the act, and where there is any competent evidence reasonably tending to support the same, the award of the Industrial Commission will not be disturbed on review by this court."

The award of which petitioner complains is supported by competent evidence shown in the record and no error of law is shown to exist. Under these circumstances, it becomes our duty to sustain the award.

Award sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.