CHAS. H. MOUREAU CO. et al. v. DOMENGE et al.

No. 31641. Nov. 28, 1944.

*153 P. 2d 628.*

James Dudley, of Oklahoma City, for petitioners.

J. W. Murphy, J. F. Colson, and Paul F. Showalter, all of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

GIBSON, V.C.J. The petitioner urges that under 85 O. S. 1941 §§ 28, 29, and 84, the Industrial Commission has a continuing power or jurisdiction to make such modifications or changes with respect to final awards as may be justified, and that these modifications or changes may be made upon the application of any party in interest, including the employer, upon a showing that the condition of the employee or claimant has improved subsequent to the entry of the award and before full payment thereof.

The facts in this case are that on November 6, 1942, the claimant, Domenge, was in the employ of the Moureau Company and sustained an accidental injury as result of which the claimant was temporarily totally disabled from November 6, 1942, until March 25, 1943. The claimant's average daily wage entitled him to a compensation at the rate of $18 per week, and all of the compensation for the temporary total disability was paid.

On April 9, 1943, the claimant filed a motion to determine his permanent disability, and on April 30, 1943, the commission found that the claimant had sustained a 50 per cent permanent partial disability, for which he was entitled to compensation in the sum of $4,500, or 250 weeks at the rate of $18

per week, and that there had accrued on said compensation the sum of $108 computed from March 25, 1943, to April 29, 1943, and directed that said accrued sum be paid forthwith, and that the employer continue to pay claimant at the rate of $18 per week for a period of 250 weeks from March 25, 1943, or until the total sum of $4,500 had been paid. No appeal was taken.

On August 25, 1943, the case was set for further hearing upon the application of the claimant to commute the unpaid part of the award. When notice of this hearing was received by the employer it wrote a letter to the commission asking that the claimant submit himself to the attending physician for a physical examination to determine his then physical condition.

At the hearing on August 25, 1943, when it was discovered that the claimant had not been directed to submit himself to further physical examination, the employer filed a motion to require the claimant to submit himself to further physical examination, and also to suspend payment of further compensation until such examination had been made. The motion was denied "for the reason that the order of the trial commissioner of April 30, 1943, granting the claimant 50 per cent permanent partial disability has become final." It was further ordered that the claimant's motion for a lump sum should be sustained. The balance due under the award of April 30, 1943, was commuted to a lump sum.

The motion of the respondent and insurance carrier to have the claimant examined for the purpose of determining whether or not the claimant had a change of condition for the better was sufficient in form. Strict rules of pleading and practice are not applied to pleading and practice before the Industrial Commission. Thomas Conlin Co. v. Guckian, 174 Okla. 463, 50 P. 2d 299.

The trial commissioner was of the opinion that the award for permanent partial disability became final when the employee did not appeal therefrom. His reasons therefor were stated in the following language:

"I think if that order is not appealed from within the proper time you are bound to obey it, regardless of whether he gets better or worse, and the right to come in later on a change of condition is for the benefit of the claimant and not the respondent."

The trial commissioner erred, and the Industrial Commission erred in approving the trial commissioner's findings and order.

The petitioner had the right to have the claimant examined and to have the commission determine the question of whether there had been an improvement in claimant's condition which would justify the modification or reduction of the award of April 30, 1943.

In Marland v. Forrester, 167 Okla. 140, 28 P. 2d 542, it was said:

"The statute authorizes a proceeding to determine whether or not there has been a change in the condition of the claimant. Under the provisions of that statute an employer is required to defend an application filed by an employee. The statute likewise operates to require the employee to defend an application filed by the employer."

In Thomas Conlin Co. v. Guckian, supra, we said that the commission properly entertained the motion of an employer for a hearing on change in condition of claimant under the holding in Glasgow v. State Industrial Commission, 120 Okla. 37, 250 P. 138, and Marland v. Forrester, supra.

See, also, Skelton Lead & Zinc Co. v. State Industrial Commission, 100 Okla. 188, 229 P. 255; Reams et al. v. Malcolm et al., 190 Okla. 213, 122 P. 2d 145.

The order of the Industrial Commission is vacated and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

CORN, C.J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.