DENVER PRODUCING & REFINING CO. et al. v. WHATLEY et al.

No. 32764. Feb. 24, 1948.

*190 P. 2d 154.*

Pierce, Rucker, Mock, Tabor & Duncan, of Oklahoma City, for petitioners.

Leo J. Williams and James R. Eagleton, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. Pertinent to the issues raised and contentions made, the Industrial Commission found that claimant, respondent here, suffered a 50 per cent permanent partial disability to his hand by reason of an accidental injury, falling within the purview of the Workmen's Compensation Law, and awarded the correct amount of compensation therefor; that the temporary total disability ended June 26th, and awarded the correct amount of additional temporary total disability compensation.

It was further ordered that a fixed sum be paid as attorney's fees off the latter end of the award.

Dr. White, after describing the condition of the injured hand, testified that claimant had a 75 per cent permanent partial disability to said hand. Dr. Stillwell estimated the disability to the arm as 60 per cent. Dr. O'Donoghue said the permanent partial disability to the injured hand was 15 to 20 per cent, and Dr. Roundtree estimated it as being 20 per cent.

There was competent testimony reasonably tending to support the finding and award in this respect (International Supply Co. v. Morrell, 187 Okla. 346, 102 P. 2d 846).

Dr. White testified that he examined claimant May 24th and again in July, and that the healing period ended June 26th. Claimant was discharged from the hospital May 18th.

This testimony, though contradicted by other medical proof, is sufficient under the applicable rule to sustain the finding of the commission that the temporary total disability ended June 26, 1946, and the award for additional temporary total disability compensation. Sparkman v. Cosden Pipe Line Co., 182 Okla. 184, 77 P. 2d 21.

Finally it is argued that the State Industrial Commission was without authority to commute to a lump sum payments ordered and deduct said sum from the latter end of any award. Petitioners cite in support thereof Cornhuskers Theaters v. Foster, 181 Okla. 341, 74 P. 2d 109; Jim Young Drilling

Co. v. Moyer, 181 Okla. 347, 74 P. 2d 113; Chas. H. Moureau Co. v. Domenge, 194 Okla. 563, 153 P. 2d 628, and related authorities.

The rule therein announced is that the State Industrial Commission is without authority to commute to a lump sum a portion of the compensation for permanent partial disability arising under the "other cases" provision of 85 O.S. 1941 §22. Petitioners argue that the reasons stated for our holding that the Industrial Commission is without authority to make lump sum awards in cases falling within the purview of the "other cases" provision of the statute, supra, are just as applicable to cases of permanent partial injury to classified and scheduled members of the body. However this may be, we have held the State Industrial Commission is authorized to commute to a lump sum a portion of an award for permanent disability, except in cases falling under the "other cases" classification. Mabee, Inc., v. Zieman, 168 Okla. 60, 32 P. 2d 299.

To sustain the contention made would require the overruling of our former opinions on the issue and the establishment of a new and different rule. This we decline to do.

Award affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, and GIBSON, JJ., concur.