HOLMAN v. TITUS OIL CO. et al.

No. 34961.   June 24, 1952.

*245 P. 2d 735.*

B. E. Bill Harkey, Oklahoma City, and Dick Bell, Seminole, for petitioner.

George E. Fisher, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. Petitioner in his claim filed for compensation stated that on March 20, 1950, while engaged in operating a bulldozer, he sustained an injury to his kidneys and the left side of his body was completely paralyzed. The trial commissioner found that petitioner was engaged in a hazardous employment on March 20, 1950, at which time he claims to have sustained an accidental personal injury resulting in paralyzing his left side. The trial commissioner further found that the evidence was insufficient to show that any disability or injury from which claimant may now be suffering was caused by the alleged accidental personal injury of March 20, 1950.

Petitioner appealed from the order of the trial commissioner to the commission sitting as a whole.

The record shows that on the day the appeal was finally set for oral argument Mr. Bell, attorney for petitioner, filed a motion for continuance on the ground that petitioner was too ill to attend the trial. It further appears that Mr. Bill Harkey, an attorney of Oklahoma City, had recently been employed to assist in presenting the case on appeal before the commission. He also filed a motion for continuance based on the ground that he had recently been employed and had not had time to obtain and examine the transcript of evidence and requested that a continuance be granted petitioner for such time as would enable him to obtain the transcript and prepare for the argument. Three prior motions for continuance presented by Mr. Bell for petitioner were granted by the commission. The commission denied the motions and entered an order affirming the order of the trial commissioner.

Petitioner has filed this proceeding to review that order and relies to vacate the order on the ground that the commission erred in denying his motions for continuance, and that there is no competent evidence to support the finding and order of the commission. The commission did not commit error in denying the motions for continuance. There was no reasonable ground set forth in either motion which would justify a continuance. The granting or denying a continuance is within the sound discretion of the State Industrial Commission and its action in denying a continuance will not be disturbed on review unless the record shows a clear abuse of discretion. City of Guthrie v. Standley, 151 Okla. 72, 1 P. 2d 678.

The question as to whether there is competent evidence to sustain the order of the Industrial Commission necessitates a review of the evidence.

Petitioner, in substance, testified: On March 20, 1950, he was working for respondent Titus Oil Company, operating a bulldozer. He was then engaged in assisting in the construction of a salt pit which had a high embankment on the front and back. He was required to haul loads of dirt up and down these embankments. The bulldozer did not have power enough to climb the embankments. It was necessary to clutch the machine. He operated the clutch with his left hand and drove the machine up and down the embankment that morning 20 times. The last time he tried to move the bulldozer up the

embankment he completely wrecked the machine. The incident occurred about 11 o'clock in the morning, he had then been working about an hour and a half. The wrecking of the machine caused him to contract a severe headache. He was momentarily blacked out, but he was not otherwise injured. He notified his boss of the wrecking of the bulldozer, but did not inform him that as a result thereof he had sustained any injury. He remained at work for the oil company during the remainder of the day. His work consisted of pulling pipe from an oil well. He testified that as the result of the wrecking of the bulldozer he suffered partial loss of memory, but after he ceased work that day he returned to his home; that he thereafter suffered a stroke of paralysis. He did not remember the time the stroke occurred. The evidence, however, shows that it occurred about 2 o'clock the next morning. Petitioner was taken to the hospital by his wife, where he remained and was treated for about seven days; that the treatment has resulted in some improvement of his condition. He further testified that since the accident occurred he has been unable to do any work.

Other employees of the oil company testified that shortly after 11 o'clock on the morning of March 20, 1950, petitioner started to work on an oil well pulling rods. His work consisted of tailing rods and latching the elevator. He continued to work for the rest of the day. He did his work well and made no statement relative to the contracting of a headache or of receiving any injury. There was nothing unusual about the manner in which he acted. He just kept working in the usual manner.

The medical experts all agree that at the time they examined petitioner he was suffering from a stroke of paralysis; that his left side was completely paralyzed; that his condition has been somewhat improved and the chances are good that he will further improve. There is, however, a conflict in their evidence as to the cause of the paralytic stroke received by petitioner. Two physicians, after having examined petitioner and obtaining a full history of the case, stated in their opinion the stroke received by him was caused by the accident occurring on the 20th day of March, 1950. Another physician, however, upon obtaining a history of the accident and making examinations of petitioner, and upon a hypothetical question based on the evidence adduced, testified that in his opinion the paralytic stroke received by petitioner was not caused by the alleged injury claimed to have been received by petitioner on the morning of March 20, 1950. He further testified that an unusual strain or unusual exertion may cause paralysis, but when it is so caused a stroke will usually immediately follow, or, at least, will manifest itself within two or three hours, and that since petitioner received his alleged injury at 11 o'clock in the morning and the stroke did not occur until 11 or 12 hours thereafter, it was his opinion that the stroke could not have been caused by any strain or unusual exertion of petitioner while operating the bulldozer.

While the medical evidence is in conflict as to the cause of the injury and disability sustained by petitioner, there is competent evidence to sustain the finding of the commission that the disability sustained by him was not caused by any accidental injury and to sustain its order denying compensation. Such finding and order, therefore, will not be disturbed by this court on review. Malcolm v. State Industrial Commission, 193 Okla. 367, 143 P. 2d 823.

Order sustained.

HALLEY, V.C.J., and CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.