BAROID DIVISION NATIONAL LEAD COMPANY, Petitioner,

v.

Orville D. MOORE and the State Industrial Court, Respondents.

No. 39060.

Supreme Court of Oklahoma.

Nov. 1, 1960.

F. M. Dudley, Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Walter E. Liebel, Liebel & Shumake, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

Orville D. Moore, hereinafter called claimant, obtained an award for 40 per cent disability to the body as a whole in a proceeding against Baroid Division National Lead Company, self insured, hereinafter called petitioner. On the 22nd day of February, 1960, the State Industrial Court entered the following order:

"Now on this 22nd day of February, 1960, this cause comes on for consideration, pursuant to assignment and regular hearing at Oklahoma City, Oklahoma, on February 15, 1960, before Judge Marx Childers, upon motion of claimant for commutation to a lump sum the unpaid balance of the award entered herein on November 18, 1959, at which hearing the claimant appeared in person and by his attorney, Walter E. Liebel, and respondent appeared by its attorney, F. M. Dudley. The Trial Judge, having considered the evidence, records, and being fully advised in the premises, finds:

"That it would be to the best interests of claimant the sum of $3,000.00 of the award made in this case on November 18, 1959, be commuted to a lump sum, and that the balance of said award be paid to claimant at the rate of $30.00 per week.

"It Is Therefore Ordered that respondent pay to claimant in a lump sum from the latter end of the award made in this case on November 18, 1959, the sum of $3,000.00, and that the balance of said award be paid to claimant at the rate of $30.00 per week."

This proceeding is brought by petitioner to review this order.

The original award was entered November 18, 1959. It was affirmed by the State Industrial Court en banc January 14, 1960. On the 5th day of February, 1960, claimant filed a motion to commute the award to a lump sum. On the 9th day of February, 1960, petitioner sent a letter to the Industrial Court requesting the court to direct the claimant to appear before Dr. S for an examination. In this letter it was stated that petitioner believed an examination would reveal a substantial change in the condition of claimant for the better. On February 11, 1960, petitioner filed the following application:

"Comes now the respondent, Baroid Division National Lead Company and respectfully states to the court that it is informed and believes that claimant, Orville D. Moore, has been performing heavy labor and work since the order of November 18, 1959, made and entered herein, finding that claimant had sustained an accidental personal injury arising out of and in the course of his hazardous employment with the respondent and that as a result of said

injury claimand had sustained permanent partial disability to the body as a whole of 40% and awarding said claimant compensation for such disability.

"Respondent, by letter addressed to the State Industrial Court under date of February 9, 1960, requested the court to order the claimant, Orville D. Moore, to report to Dr. Howard B. Shorbe at the McBride Clinic, 605 N. W. 10th Street, Oklahoma City, Oklahoma, on Friday 12, 1960, at 3:45 P.M. for further examination. Respondent hereby renews its request that claimant be directed by the State Industrial Court to report to Dr. Howard B. Shorbe, the attending physician and surgeon, for further examination, which respondent believes and therefore states will disclose that claimant's condition has substantially changed for the better and that the award for partial permanent disability heretofore made in behalf of said claimant should be modified and substantially reduced.

"Respondent requests the court to not set this application for hearing until Dr. Shorbe's medical report can be obtained and attached hereto.

"Respondent moves the court to set this application for hearing after Dr. Shorbe's medical report has been obtained and attached hereto and that a hearing on the motion of claimant to commute to a lump sum be deferred until after a hearing is had on this application, or that both said motion and this application be set for hearing at the same time.

"Wherefore, respondent prays the court that upon hearing this application and the evidence in support thereof, to make and enter an order herein modifying and substantially reducing the award made for permanent partial disability in behalf of claimant under the order of the Trial Judge dated November 18, 1959, and the order of the court on appeal dated January 14, 1960, affirming the order of the Trial Judge; that claimant's motion to commute to a lump sum be denied."

The sole issue presented is that the State Industrial Court erred in commuting the award to a lump sum without first hearing petitioner's application to diminish the award. Petitioner is not presently asserting as a ground of error that the commutation is not sustained by the evidence. We therefore do not discuss herein the merits of the propriety of the commutation order.

At the February hearing the trial judge said:

"In the first place, the application does not comply with the law. I understand there is some reason for that It is not accompanied by a medical showing a change of condition for the better. I know it is probably impossible, as the claimant has not been re-examined by the doctor. The thing that does occur to me, it would hardly be likely that this man sustained a change of condition for the better to any appreciable amount since this order of, I believe, January 14, 1960, which is a month ago yesterday."

The order assessing disability was entered November 18, 1959.

In the case of Thomas Conlin Co. v. Guckian, 174 Okl. 463, 50 P.2d 299, quoting from Glasgow v. State Industrial Commission, 120 Okl. 37, 250 P. 138, we, in effect, said that strict rules of pleading and practice are not applied to pleading and practice before the Industrial Commission.

In the three months since the award was made by the trial court the respondent had done some work in the oil fields. The respondent may have had a change in condition for the better so as to lower his disability below the 40%.

The commuting of $3,000 left approximately $1,190 owing to respondent under the November, 1959 award. Ten percent permanent partial disability to the body as a whole in this case would be $1,500.

If, then, for instance, the respondent has had a change of condition for the better so as to reduce his disability from 40% to 30%, the $1,190 reserved would not be sufficient.

No review to diminish an award because of a change in condition for the better shall affect such award as regards any money already paid. 85 O.S.1951 § 28. If the $1,190 should prove to be insufficient, petitioner would have no remedy by which it would recover the deficit.

■ The case at bar differs from that of Cole Spurgeon Drilling Co. et al. v. Parris et al., Okl., 346 P.2d 173, cited by respondent. In that case, when the motion to commute to a lump sum was heard, the employer had not filed an application to diminish the award. In the instant case, the application to diminish had been filed before the motion to commute was heard by the trial court. Petitioner requested a continuance or that the trial court not make an order until the application to diminish had been heard.

The other cases cited by respondent concern the discretion of the Industrial Court in ordering lump sum payments. The question herein is not whether the order as to its merits constituted an abuse of discretion, but, as above indicated, whether the order should not have been made until petitioner had been heard on its application to diminish.

In Chas. H. Moureau Co. et al. v. Domenge et al., 194 Okl. 563, 153 P.2d 628, 629, we said:

"The petitioner had the right to have the claimant examined and to have the commission determine the question of whether there had been an improvement in claimant's condition which would justify the modification or reduction of the award of April 30, 1943."

We hold that the petitioner in this case was entitled to a hearing on its application before an order should be made on respondent's motion to commute.

We fail to see wherein employee would have been seriously prejudiced if petitioner had been granted a continuance for a reasonable period of time. We think the trial court erred in ordering the commuting of the award prior to affording petitioner a reasonable opportunity to be heard upon application to diminish.

The trial court's order is vacated without prejudice to further proceedings.